600 So.2d 1292 (1992)
Ronald Rudy VINCENT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03404.
District Court of Appeal of Florida, First District.
June 25, 1992.
Nancy Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
*1293 PER CURIAM.
This cause is before us on appeal from a judgment and sentence. Appellant contends that (1) the trial court erred in imposing incarceration as a condition of community control, and (2) the trial court erred in adding conditions of probation which were not announced orally. We affirm, without discussion, the first issue, and reverse and remand for resentencing on the second issue.
Condition 13 of the written community control order requires an hourly accounting of all appellant's activities on a daily log. Condition 20 of the written community control order requires payment of one dollar per month to First Step of Bay County. Condition 10 of the written probation order requires payment of one dollar per month to First Step of Bay County. These conditions were not announced orally at sentencing, are not standard conditions of probation/community control [i.e., those listed in Section 948.03, Florida Statutes], and must be stricken. Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992).
Accordingly, the judgment is affirmed and the sentence is reversed and remanded for proceedings consistent herewith.
BOOTH, WIGGINTON and WEBSTER, JJ., concur.