613 So.2d 525 (1993)
Robert W. BOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1045.
District Court of Appeal of Florida, Fifth District.
January 22, 1993.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
*526 Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issue posed by this appeal is whether the trial court could properly order the payment of immediate[1] restitution from an indigent defendant who has no immediate ability to pay. The answer is no. See Leyba v. State, 520 So.2d 705 (Fla. 5th DCA 1988).
Based on the defendant's potential future financial resources, the trial court could have required such restitution within a specified period or in specified installments. See § 775.089(3)(a), Fla. Stat. (1991). Only the trial court, not the probation officer, can set up a payment schedule. See § 775.089(3)(c). This authority cannot be delegated to a probation officer. Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991).
REVERSED and REMANDED for establishment by the trial court of a later specified payment date or an installment payment schedule.
W. SHARP and PETERSON, JJ., concur.
NOTES
[1] Section 775.089(3)(c) provides that restitution orders, unless otherwise provided by the court, are payable immediately.