W. SHARP, Judge.
Ashlock appeals from an order of restitution entered against him in a criminal case. *214 He pled nolo contendere to grand theft (§ 812.014), with the understanding restitution would be ordered, and was placed on probation. After a hearing, the court ordered Ashlock to pay a total of $1,097.25 in restitution and that he should pay as much as scheduled by his probation officer during his probation. We .reverse the order and remand for further proceedings.
At the restitution hearing, the state failed to establish any immediate ability on the part of Ashlock to pay the total restitution order, or any minimal installments. In Boss v. State, 613 So.2d 525 (Fla. 5th DCA 1993), we held that restitution orders can be entered based on the defendant’s future financial resources, within a specified period or in specified installments. However, the court, not the probation officer, must set the payment schedule. § 775.089(3)(c), Fla.Stat. (1991).
REVERSED and REMANDED.
COBB and DIAMANTIS, JJ., concur.