635 So.2d 1051 (1994)
Flora SHACRAHA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2253.
District Court of Appeal of Florida, Fourth District.
April 27, 1994.
*1052 Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges a restitution order entered as a condition of her probation, contending that the trial court erred in entering it because of her inability to pay the amount set by the trial court. Appellant also contends that the written order of community control does not conform to the oral pronouncement. We agree as to both issues.
The trial court sentenced appellant, who had pled guilty to charges of driving while intoxicated and leaving the scene of an accident, to thirty days in jail and two years community control. After a hearing on appellant's ability to pay, it ordered her to pay $1,395 in restitution. The court did not set any payment schedule for the restitution, even though the state had asked only that some amount be paid each month.
If no schedule of payments is ordered by the trial court, then payment of restitution must be made immediately. § 775.089(3)(c), Fla. Stat. The evidence in this case, even in the light most favorable to the state, does not show that the defendant had the ability to make immediate payment of the restitution amount, although the evidence shows an ability to pay had the trial court ordered payments be made within a required time or in specified installments. See Boss v. State, 613 So.2d 525 (Fla. 5th DCA 1993). We therefore reverse and remand the order of restitution to the trial court for establishment of a later specified payment date or an installment payment schedule consistent with appellant's ability to pay.
Second, appellant complains that two conditions of community control, (requiring appellant to maintain an hourly accounting of her activities on a daily log which shall be submitted to the community control officer as well as the requirement that she participate in self-improvement programs) were not orally pronounced at the time of sentence and were not standard conditions of community control/probation. § 948.03, Fla. Stat. (1991). We agree that these conditions must be stricken for failure to orally pronounce them at sentencing. These same conditions of community control have been stricken in Vincent v. State, 600 So.2d 1292 (Fla. 1st DCA 1992) and Evans v. State, 605 So.2d 1016 (Fla. 1st DCA 1992). By the state's argument, we perceive that it (and perhaps the trial court) misconstrues what must be orally pronounced at sentencing. All special conditions of probation must be orally pronounced at sentencing. Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992). Only those "standard conditions" of community control/probation which are those listed in section 948.03(1) may be included in the written order even if not pronounced orally at sentencing. The conditions mentioned above are not within the standard conditions of section 948.03(1) and therefore were required to be pronounced orally at sentencing. See Hayes v. State, 585 So.2d 397 (Fla. 1st DCA 1991). We reverse and remand with directions that these conditions be stricken from the order of community control.
WARNER, POLEN and PARIENTE, JJ., concur.