RYDER, Acting Chief Judge.
Leon Gilbert appeals from his conviction and the probation conditions imposed for driving while license suspended, tampering with evidence and possession of marijuana. We affirm the convictions, but because the trial judge failed to orally pronounce conditions of probation, we reverse and remand to strike probation conditions (4) and (7).
Gilbert first argues that the trial court erred in denying his motion to dismiss the charge of tampering with evidence because no prima facie case was shown that he removed the contraband from the vehicle. The state filed a demurrer in response. The police had gained physical custody of a baggie of marijuana during a consensual search of the vehicle when the 5:00 a.m. investiga *854 tion was interrupted by the need to pursue a passenger fleeing from the scene. The baggie, containing the marijuana, had a hole in the bottom. Although the police left the contraband in the vehicle during the chase after the escaping passenger, we believe exigent circumstances justified the officer’s actions. One officer was two hundred yards away when he promptly returned after a second officer joined the chase. Another officer and a passenger saw Gilbert re-enter the vehicle. The officer testified Gilbert was in the rear seat area searching for something. When the first officer returned, the marijuana was not in the vehicle, but after a brief search, he found it in the baggie with a hole across the road some ten feet away. We find that from the time of seizure to the recovery of the marijuana, the police had constructive possession of the contraband and that the evidence is sufficient to establish Gilbert’s possession of the contraband. We distinguish this scenario from the facts in Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991) and Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), where the police never had physical custody of the contraband. We therefore affirm the conviction.
Gilbert also appeals from conditions (4), (6) and (7) because the trial judge failed to orally pronounce the conditions upon sentencing. We find error in the imposition of probation conditions (4) and (7). Probation condition (4), which forbids appellant from possessing weapons and firearms without first obtaining permission from his probation officer, was improperly imposed because it was not announced in open court. Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). Similarly, probation condition (7) which forbids appellant from using intoxicants to excess and visiting places where they are unlawfully used or dispensed was improperly imposed for the same reason. See Tillman. We therefore strike conditions (4) and (7).
Reversed and remanded for resentencing.
PATTERSON and ALTENBERND, JJ., concur.