ERVIN, Judge.
Appellant, Shane Anthony Lowell, challenges his convictions and sentences for two counts of aggravated assault on a law enforcement officer with a firearm and battery of his wife. We affirm the convictions, concluding that no error occurred by the filing of the amended information and that the evidence was sufficient to survive appellant’s motions for judgment of acquittal. We reverse the aggravated assault sentences and remand with directions to strike therefrom a special condition of probation that was not orally pronounced and to reduce the minimum mandatory from three years to one year. .
The state properly concedes that the written sentencing form provides, as a special condition of probation, that appellant not “use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician,” and that such condition was not orally pronounced at sentencing. This is not a standard condition set out in section 948.03, Florida Statutes (1991); consequently, the court was required to orally pronounce it. As such was not done, the condition must be stricken. Vincent v. State, 600 So.2d 1292 (Fla. 1st DCA 1992); Stackhouse v. State, 576 So.2d 923 (Fla. 1st DCA 1991); Gilbert v. State, 647 So.2d 853 (Fla. 2d DCA 1994) (on reh’g).
The mandatory minimum applicable to aggravated assault on a law enforcement officer is one year, not three years as was imposed on appellant. See § 775.0823(7), Fla.Stat. (1991); Zitzman v. State, 640 So.2d 1219 (Fla. 5th DCA 1994). Consequently, appellant’s sentences on the two aggravated assault counts are reversed and remanded with directions to strike the three year mandatory mínimums and to impose one year mandatory mínimums.
The judgment erroneously reflects that appellant was convicted of third degree felony battery in violation of section 893, Florida Statutes, when, in fact, battery is a violation of section 784.03, Florida Statutes (1991), and is a first degree misdemeanor. The trial court is therefore directed to correct the judgment to reflect that appellant was convicted of a first degree misdemeanor in violation of section 784.03.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
MINER and WOLF, JJ., concur.