FRANK, Chief Judge.
We affirm the trial court’s denial of Rud-nicki’s motion to suppress. We must, however, strike one of the conditions of probation, imposed following the entry of his no contest plea.
The written order’s condition number four provides that Rudnicki is not to “possess, carry or own any firearm,” and that he is not to “possess, carry, or own any weapons without first procuring the consent” of his probation officer. Although in some instances we have affirmed the condition prohibiting the defendant from possessing a firearm, see Emond v. State, 652 So.2d 419 (Fla. 2d DCA 1995); Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994); Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), the record before us does not indicate that Rudnicki is a convicted felon. Were Rudnicki a convicted felon, it would be improper for his probation officer to consent to his possession of a firearm.
This situation highlights the potential confusion inherent in a trial court’s failure to pronounce orally special conditions of probation. Accordingly, condition number four must be stricken. Gilbert v. State, 647 So.2d 853 (Fla. 2d DCA 1994).
Affirmed in part; reversed in part; remanded.
RYDER and THREADGILL, JJ., concur.