STONE, Judge.
Appellant’s conviction and sentence for aggravated battery are affirmed.
First, we find no error in the court’s charge to the jury. The trial judge denied Appellant’s request that the jury be charged that it may consider whether a witness had previously been convicted of a crime. The only basis for the requested instruction was Appellant’s own testimony, on direct examination, that he had never been convicted of a crime. There is nothing in the evidence placing this subject in issue. Therefore, whether Appellant has a criminal record is irrelevant.
We also find no error in the trial court’s imposing $17,400 restitution as a condition of Appellant’s probation. Appellant claims on appeal that he cannot make immediate payment, that the court failed to provide for a payment schedule, and that the court failed to consider Appellant’s present and future ability to pay in ordering restitution.
Appellant asserts, citing Istvanditsch v. State, 636 So.2d 822 (Fla. 4th DCA 1994), and Shacmha v. State, 635 So.2d 1051 (Fla. 4th DCA 1994), that the trial court at sentencing must resolve whether a defendant has the ability to pay, and is required, sua sponte, to establish a payment schedule, and that failure to do so is per se reversible error. We note that of those two cases, only Shacraha involved restitution as a condition of probation, and in that ease the question of the defendant’s ability to pay had been at issue before the trial court. In this case, Appellant clearly was not questioning the trial court’s decision to impose restitution as a condition of probation. To the contrary, Appellant’s entire sentencing hearing was devoted to the defense pleading to the court to impose restitution rather than sentence Appellant to state prison.
Although a trial court considers financial circumstances, among other factors, in determining both whether to impose and the amount of restitution, the court need not do so with any specific degree of detail. Cheatham v. State, 593 So.2d 270 (Fla. 4th DCA 1992). It is a defendant’s obligation, being on notice that the court is considering imposing restitution as a condition of probation, to object to its imposition, in whole or in part, at sentencing. See Deleveaux v. State, 646 So.2d 850 (Fla. 3d DCA 1994). See also § 775.089(7), Fla.Stat. (1993). A defendant’s *858 failure to raise the issue constitutes a waiver. E.g., Spivey v. State, 531 So.2d 965, 967, n. 2 (Fla.1988). We note that this court has recently recognized that failing to object to the imposition of a restitution judgment based on the defendant’s inability to pay, or similar error in imposing restitution, is a waiver amounting to a failure to preserve the issue for appeal. Schotsch v. State, 670 So.2d 127 (Fla. 4th DCA 1996).
Additionally, we note that Appellant’s present ability to pay is not a prerequisite to imposing restitution as a condition of probation. Courts have long recognized that an indigent defendant may be subjected to a restitution obligation as a condition of probation that may not become payable until some future improvement in the defendant’s financial circumstances, even if the defendant may never be able to pay any substantial portion of the restitution. See, e.g., Brown v. State, 645 So.2d 1066 (Fla. 1st DCA 1994); Nix v. State, 604 So.2d 920 (Fla. 1st DCA 1992); Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985). See also Bull v. State, 548 So.2d 1103 (Fla.1989).
At no time has the trial court refused to set a payment schedule, nor did Appellant seek to have one drafted at the time of sentencing. The victim in this case suffered extensive injury resulting in expenses in excess of those available to the court at sentencing. The trial court recognized on the record that a further hearing would be required to determine the true amount of restitution to be ordered. The court specifically reserved jurisdiction in its order to increase the amount of restitution. It is clear that the defense had no objection to this procedure. The only statement by the defense concerning payment terms was a request that if the court should decide to impose probation, that it be for a term as long as possible to facilitate payment. The defense also sought to assure the court that Appellant would have a job and low expenses as he would live in the family home.
Here, the record reflects that the very ground, in fact the only reason, for the court’s not imposing a guideline sentence of 40 to 67 months in state prison was the concern for securing victim restitution. Here, the record reflects that no prison sentence was imposed in order that restitution could, to the extent feasible, be made. There was even an offer by Appellant’s mother to mortgage her home to this end. It is also clear that it would have been premature for the court sua sponte to fix a payment schedule at the time of oral pronouncement of sentence, nor would it necessarily have been in Appellant’s strategic interest to draw the court’s attention further at that time to how little might be available to compensate the victim.
We acknowledge some concern that Shacr-aha could be construed as having adopted a rule that failure of a court, at the time of sentencing, to impose a payment schedule for restitution as a condition of probation is per se reversible error where it is not demonstrated that the defendant has the ability to make immediate payment of restitution in full. However, we do not construe Shacmha as imposing such a general rule applicable to these circumstances.
Appellant, having failed to raise the issue in the trial court, cannot challenge the restitution condition, as to ability to pay and lack of a payment schedule, on appeal.
AFFIRMED.
GUNTHER, C.J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.