GLICKSTEIN, Judge,
concurring in part and dissenting in part.
I agree that the instant case is distinguishable from Shacraha v. State, 635 So.2d 1051 (Fla. 4th DCA 1994). The defendant did not put his ability to pay at issue; he indicated to the court that if he were put on probation he would make restitution to the victim. I further agree that placing the burden on a defendant to bring to the trial court’s attention his or her inability to make full restitution immediately is reasonable because section 775.089(3)(c), which requires that restitution be made immediately if not otherwise noted, is notice to all.
*859 However, the defendant’s lawyer made the following statement to the trial court:
Judge, if you send him off to prison, nobody wins. So with that being said, I would ask the Court to impose a period of lengthy probation as long as possible, in all candor, to give him as much time as possible to pay the restitution, special conditions which are listed in the presentence report which we have no problem with in terms of contact with the victim, psychological evaluation and what have you.
When the face of the record indicates that the defendant believes he will be allowed to make payments, there can be no waiver. It is inequitable to hold a defendant to an agreement, when it is clear that he does not understand the terms to which he agreed. The majority, in finding waiver, may have insured that the defendant will violate his probation.