POLEN, Judge.
Fausat M. Aromashodu appeals her conviction and sentence for battery upon a law enforcement officer.
The incident giving rise to the ease at bar occurred on the evening of April 8, 1994, at Ms. Aromashodu’s residence in Miramar, Florida. Four City of Miramar police officers (officers Bermudez, Brown, Bonczek, and Sibner) testified as witnesses for the state. All of the officers’ testimony as to the time that they responded to Ms. Aromasho-du’s residence differed.
Officer Peter Bermudez testified that he went to Ms. Aromashodu’s residence pursuant to an investigation involving Ms. Aro-mashodu’s son, Retimi Surakat. When Ms. Aromashodu answered- the door, Bermudez told her that he wanted to question her son. Officers Bermudez, Brown, and Bonczek testified that Ms. Aromashodu became irate and began yelling and screaming, telling them that they did not have a right to be there. Although Richard Surakat (Retimi’s father) gave permission to Bermudez to question Retimi, both parents became irate when Ber-mudez attempted to Mircmdize the boy. All three officers testified that when Bermudez tried to Mirandize Retimi a second time, Ms. Aromashodu pushed him in the chest and hit him in the face. Bermudez grabbed one of Ms. Aromashodu’s arms while Brown grabbed the other and they placed her under arrest.
Officer Scott Sibner testified that, shortly after he arrived on the scene, he assisted Bermudez and Brown in placing Ms. Aro-mashodu under arrest, and that he did not see Ms. Aromashodu hit Bermudez.
*643 Richard Surakat testified that Bermudez asked to speak to Retimi, but would not say why he was there, even when Surakat asked him if anything was wrong. When Bermu-dez began reading Retimi his rights, Surakat told Bermudez to stop because he did not know why the police were there and that reading Retimi his rights meant they wanted to arrest him. Surakat testified that he did not see Ms. Aromashodu hit Bermudez.
During voir dire the defense objected to the state’s peremptory challenge of a prospective juror named Mr. Chestnut. During his questioning, Chestnut testified that he had been arrested for DUI about five years ago. As a result of the arrest, he lost his driver’s license, which he needed for his job. Chestnut said that he thought he had been treated unfairly by the police. He objected to being ticketed by the officer saying, “The way they go about you doing this, I think is wrong.” He also said that he thought the police were “just out to get the little man” because he does not have much money. The judge overruled the defense’s objection to the state’s peremptory challenge, saying that Chestnut’s arrest within the last five years was a non-racial reason to overrule the objection.
During the trial, testimony was elicited from Officer Bermudez to the effect that Retimi was under investigation for a “serious offense.” Appellant’s trial counsel objected to this testimony on the grounds that it implied the entire family, including appellant, was involved in criminal activity, and impinged on the credibility of Richard Surakat, appellant’s key witness. The trial court denied appellant’s motion for mistrial following this testimony. No curative instruction was requested.
Appellant was convicted of battery on a law enforcement officer. At the sentencing hearing on August 19, 1994, the trial court brought up Ms. Aromashodu’s prior conviction for welfare fraud for which she was given two years probation. The court entered orders placing Ms. Aromashodu on one year community control to be followed by two years probation. Appellant has appealed the imposition of two conditions of community control/probation which were not orally pronounced by the court:
Conditions 1(2) of the order of community control and K(3) of the order of probation provide: [Y]ou ... will not possess, carry or own any other weapons without first procuring the consent of your officer. ...
Conditions 1(6) of the order of community control and K(7) of the order of probation provide: [Y]ou shall not ... use any intoxicants.
We are not persuaded by the arguments raised by appellant as to the peremptory challenge of juror Chestnut, and the denial of a mistrial for Officer Bermudez’s comment regrading Retimi’s alleged offense. We affirm as to these issues.
Thinking that the trial court had erred regarding the conditions of probation/community control imposed, but noting that the supreme court was to review a similar question certified by the second district in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), we have awaited the supreme court’s decision in Hart. That decision came on February 22, 1996, in State v. Hart, 668 So.2d 589 (Fla.1996).
The supreme court answered in the affirmative the following question certified by the second district:
DOES THE SUPREME COURT’S PROMULGATION OF THE FORM ‘ORDER OF PROBATION’ IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
The supreme court’s disposition in Hart mandates that we affirm any conditions of community control or probation, imposed on appellant in the written sentence, but not orally pronounced, that are contained in Conditions 1-11 of the form order in rule 3.986. However, since the condition of not using intoxicants is not contained in rule 3.986, we must reverse as to this condition imposed. See Shacraha v. State, 635 So.2d 1051 (Fla. *644 4th DCA 1994); Zeigler v. State, 647 So.2d 272 (Fla. 4th DCA 1994).
Finally, the appellant alleges that the orders of community control and probation erroneously state that appellant entered a plea of guilty to battery on a law enforcement officer and disorderly conduct. The error, here, was that although appellant was found guilty of battery on a law enforcement officer, she was not guilty of disorderly conduct, following jury trial. She contends that, although the trial judge correctly orally adjudicated her, the written order failed to correctly reflect that pronouncement.
Pursuant to the holding of this court in Thomas v. State, 595 So.2d 287 (Fla. 4th DCA 1992), the reference in the written order must be corrected to conform to the oral pronouncement. It should be noted that the appellee is in agreement with the appellant on this point.
AFFIRMED IN PART; REVERSED IN PART.
GUNTHER, C.J., and WARNER, J., concur.