731 So.2d 4 (1999)
Anthony OLEANDI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3955.
District Court of Appeal of Florida, Fourth District.
January 6, 1999.
*5 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant appeals from a Judgment and Restitution Order and from an Order denying the return of property. We affirm the Judgment and Restitution Order based on this court's opinion in Sperry v. State, 671 So.2d 856 (Fla. 4th DCA 1996). However, we reverse the Order denying the return of property directing the trial court to conduct an evidentiary hearing in accordance with this opinion.
Appellant was charged by information with two counts of burglary of a structure and two counts of grand theft of antique lunch boxes, thermoses and weapons. Appellant pled guilty to the charges. At the time of appellant's arrest, the police, pursuant to a search warrant, searched appellant's property for the stolen items set forth in the information. A great deal of property was seized from appellant's house and warehouse and the "stolen goods" were displayed by the police and opened to the public for those persons who had previously filed police reports.
Appellant filed a motion to return property alleging that the property confiscated by the police should be returned, with the exception of those items charged in the information. At the hearing on appellant's motion, appellee claimed that several persons came forward and identified property that appellant had allegedly stolen. One couple even attended the hearing in the hopes of reclaiming their property. Appellee maintained that the court could not release the property to the appellant since it was all subject to potential criminal proceedings. The trial court determined that it lacked jurisdiction to settle disputes outside of that contained in the information and would only do so upon agreement by the parties. Further, the court would not take testimony from any potential claimants asserting ownership to property on the grounds that it was without jurisdiction to do so. We disagree.
A court has the inherent power to direct the return of property seized from a criminal defendant and the right to refuse to return it. See Kern v. State, 706 So.2d 1366, 1369 (Fla. 5th DCA 1998); see also Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993)(a separate suit for replevin or conversion is not necessary); Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991)(court's inherent power to direct return of property seized from criminal defendant *6 if that property is no longer needed as evidence continues to exist after underlying criminal case has terminated).
"When a trial court has assumed jurisdiction over criminal charges, it is thereafter vested with an inherent power to assist the true owner in the recovery of property held in custodia legis." Brown v. State, 613 So.2d at 570. This power has been extended to situations where property has been seized from a criminal suspect. See id. Once a criminal prosecution is instituted, the court in which that prosecution is pending acquires jurisdiction over that property to hear and determine all questions concerning its ownership if the property seized has an evidentiary purpose. See Sawyer v. Gable, 400 So.2d 992, 994 (Fla. 3d DCA 1981). However, if the property seized is not held as evidence or no criminal prosecution ensues, then the court to which the warrant and property are returned obtains jurisdiction to order its return. See id.
In Stone v. State, 630 So.2d 660 (Fla. 2d DCA 1994), the defendant, who had been prosecuted on felony charges, demanded the return of items seized by the police but not used as evidence against him. The court denied the motion. In reversing, the Second District held that the trial court has the inherent power to resolve such question as whether enumerated items were, in fact, seized, and whether a valid basis exists to permit their return by authorities. 630 So.2d at 660. "It is one thing if a claimant can be located with a superior possessory interest in the property, and quite another for the property to be withheld merely on speculation that [the defendant] may have acquired it illegally." Id. Accordingly, the court reversed with the following instructions:
[W]e remand this matter for an evidentiary hearing. As a threshold matter the circuit court should determine whether the property in question was seized in the manner alleged in Stone's motion, that is, whether it was confiscated by police in connection with a prosecution that has since terminated. If Stone's facts are simply untrue, the motion may be summarily denied.
Assuming Stone has correctly stated the facts, the court should then ascertain whether the property is still in police possession. If not, it will be necessary for Stone to initiate a separate civil action. See Butler v. State, 613 So.2d 1348 (Fla. 2d DCA 1993). If the property is available for return, Stone is nevertheless not entitled to it if (contrary to the motion) the property was introduced in evidence or if the state intends, and is able, to pursue forfeiture against the property. If, however, the state was unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to Stone or to such person(s) as he may designate.
Id. at 660-661. Likewise, in Kern, 706 So.2d at 1369, the Fifth District held that the state would not be permitted to indefinitely retain items seized from the defendant's flea market booth, following his acquittal on the charge of delivering drug paraphernalia and the trial court's order releasing items to the state. The state would be required, if it wished to retain the items, to timely filed forfeiture proceedings or make a showing that it intended in good faith to bring another criminal prosecution for which the items would be admissible. See id.
In accordance with Stone, we reverse and remand for an evidentiary hearing with directions for the trial court to utilize the same criteria set forth above.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
KLEIN and GROSS, JJ., concur.