POLEN, J.
Tiffany Ann-Marie Ianieri was convicted of driving while impaired and causing serious bodily injury and personal injury or property damage. The trial court sentenced Ianieri to three years of incarceration, followed by eighteen months of probation, as well as an immediate payment of $327,311.34 in restitution. Ianieri appeals the immediate restitution payment, arguing that she is unable to comply with the order due to her inability to pay. We reverse and remand the trial court’s order requiring the amount of $327,311.34 to be paid immediately and direct that a payment schedule consistent with Ianieri’s ability to pay be established.
Ianieri was charged by information with driving under the influence causing or contributing to serious bodily injury and driving under the influence causing or contributing to injury to person or property. Ianieri operated a vehicle with a suspended driver’s license while her blood alcohol level was above the legal limit. As Ianieri was driving, she entered a construction zone and hit a worker with her vehicle. The worker sustained serious injuries, including a broken leg and knee, as well as head trauma. Ianieri voluntarily pled guilty and the trial court accepted the plea as entered into freely. The trial court entered a judgment, adjudicating Ia-nieri guilty of driving under the influence causing or contributing to serious bodily injury and driving under the influence causing or contributing to injury to a person or property. Ianieri was sentenced to three years in the Department of Corrections with two days credit for time served on count I, concurrent with one year in jail with two days credit for time served on count II. Additionally, Ianieri was sentenced to eighteen months probation to follow her incarceration. The court also entered an order for restitution in the amount of $327,311.34, to be paid immediately. This appeal followed.
“A trial court’s restitution order is reviewed under an abuse of discretion standard.” Hunter v. State, 48 So.3d 174, 175 (Fla. 4th DCA 2010). Ianieri argues that the trial court improperly ordered immediate payment of restitution when she was unable to pay such a large *1265 amount. Instead, Ianieri requests to be placed on a reasonable payment schedule, beginning once she is released from prison.
Section 775.089(3)(c), Florida Statutes, provides that a trial court has jurisdiction to enforce restitution, to be paid within a certain period or in installments. § 775.089(3)(c), Fla. Stat. (2011). If the court does not otherwise provide a time period, “restitution must be made immediately.” § 775.089(d), Fla. Stat. (2011). In Boss v. State, 613 So.2d 525 (Fla. 5th DCA 1993), the Fifth District held that the trial court should not order immediate payment from an indigent defendant who does not have the ability to pay immediately. Id. at 526. Instead, the court should “consider the financial resources of the defendant” in making determinations regarding restitution. § 775.089(6)(a-b), Fla. Stat. (2011); Boss, 613 So.2d at 526. This court, in Shacraha v. State, 635 So.2d 1051 (Fla. 4th DCA 1994), held that if the evidence does not show defendant’s ability to immediately pay the restitution, the trial court should set a later date for payment or create a payment schedule that reflects the ability of the defendant to pay. Id. at 1052.
Though factually distinguished, this court’s holding in Shacraha is applicable to this case. Like in Shacraha, the evidence did not show Ianieri’s ability to pay the restitution immediately; thus, a payment schedule should have been created. Shacraha, 635 So.2d at 1052. Also like in Shacraha, the evidence shows that Ianieri had the ability to pay if installments were specified, as indicated by a statement made by her attorney to the trial court that Ianieri had a job and could make payments toward restitution. Accordingly, we reverse and remand the trial court’s order of restitution in the amount of $327,311.34 to be paid immediately. We further direct the trial court to establish a payment schedule that is consistent with Ianieri’s ability to pay.

Reversed and Remanded.

HAZOURI and LEVINE, JJ., concur.