PER CURIAM.
Appellant, Juan Sanchez, appeals the trial court’s August 13, 2010 order denying his motion for return of property without holding an evidentiary hearing.[1] We hold that an evidentiary hearing is necessary before the trial court enters an order denying a motion to return property. Here, the record does not indicate that an evi-dentiary hearing was held. As such, we reverse and remand this matter for an evidentiary hearing to be held to determine the ownership of the property.
Sanchez was arrested by the Plantation Police Department after the department received a call about a burglary. The victim was home at the time, sitting on his back patio, when he noticed Sanchez inside his bedroom. When the victim opened the door to enter his home, Sanchez ran out the front door and got into the passenger side of a green Ford Explorer to flee the scene. The vehicle was spotted by a police officer and was stopped for an investigation. The victim was brought to the stop location and positively identified Sanchez as the person in his home. Sanchez was charged with one count of burglary of an occupied dwelling; one count of possession of burglary tools; one count of possession *391 of stolen property; and one count of obstruction for giving officers a false name and date of birth.
Upon searching Sanchez, officers found nine rings, a pair of earrings, and cash in Sanchez’s shoe. Five more rings, a bracelet, and a lock pick were found in one pants pocket, and nine watches were found in his other pants pocket. The vehicle was also searched at the time of Sanchez’s arrest. An inventory of the vehicle, which was registered to the driver, resulted in officers finding two pillowcases containing “jewelry, foreign coins, foreign currency, clothing, Playstation 2, wallets, electronic organizer, cell phone, miscellaneous papers, perfume and a brown box.”
Sanchez filed several motions to have the property seized from the vehicle returned to him. Orders denying those motions for the return of property were entered. In his most recent motion, Sanchez alleged that nobody claimed his illegal appropriation of those items and that the court has jurisdiction to return those items, as they were not the subject of his prosecution. The earlier orders provided that there was no proof of ownership of the property. The order which is now being appealed before this court refers to the three earlier orders and provides that nothing has changed since those orders were entered, making denial appropriate. This appeal followed.
The procedure for a defendant to move to have his seized property returned to him is similar to that of a motion for post-conviction relief. Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004). To reclaim seized property, “the defendant must file a facially sufficient motion for the return of property.” Id. If the motion is facially sufficient, the court “may order the State to respond” by refuting the defendant’s arguments that the property should be returned. Id. Once the “trial court has assumed jurisdiction over criminal charges, it is thereafter vested with an inherent power to assist the true owner in the recovery of property held in custodia legis.” Brown v. State, 613 So.2d 569, 570 (Fla. 2d DCA 1993). The defendant is required to prove the property is exclusively his own, that it was not the fruit of illegal activity, and that it is not being held for evidentiary purposes. Id.
In Stone v. State, 630 So.2d 660 (Fla. 2d DCA 1994), the Second District held that the trial court has the power to determine whether there is a valid basis to allow the return of property by authorities. Id. at 660. As to the retaining of the property, the Second District explained that “[i]t is one thing if a claimant can be located with a superior possessory interest in the property, and quite another for the property to be withheld merely on speculation” that it was acquired illegally. Id. In Brown,, the Second District held that it was improper to withhold property from a defendant when the property was taken from his vehicle without an evidentiary hearing. Brown, 613 So.2d at 571; see also Coon v. State, 585 So.2d 1079, 1081 (Fla. 1st DCA 1991) (reversing and remanding with “directions to conduct an evidentiary hearing on appellant’s motion” where the appellant argued that the State was unlawfully holding his property).
Sanchez argues that once his motions were deemed facially sufficient, the trial court should have conducted an evidentia-ry hearing to prove that he did not have rights to the property. Sanchez contends that, absent an evidentiary hearing, the State could not prove that the property was entered into evidence for the purposes of criminal prosecution. Sanchez also asserts that the State has been unable to identify who has “a superior possessory interest in the property.” We agree.
*392 An evidentiary hearing is necessary before the trial court enters an order denying a motion to return property. Here, the orders by the trial court denying Sanchez’s motions for return of property indicate no evidentiary hearing was held because they simply explained that absent proof of ownership, the motion must be denied. The remainder of the record also contains no proof that such a hearing was held. As such, we reverse and remand for an evidentiary hearing to determine whether the seized property belonged to Sanchez and whether it was being withheld for prosecutorial purposes. Even though the property was removed from a vehicle that did not belong to Sanchez, he should have been afforded an evidentiary hearing to ensure that he does not, in fact, have a possessory interest in those items. After the hearing, the trial court can then invoke its power to determine whether there is a valid basis to return the property to Sanchez.

Reversed and Remanded.

POLEN, HAZOURI and LEVINE, JJ„ concur.

. Several other motions for return of this property were filed with the trial court, three of which were also denied.