ROTHENBERG, J.
Anthony Marlow appeals the trial court’s denial of his motion for the return of personal property, which was seized after he was arrested in December 2010. We reverse and remand for further proceedings.
Contrary to the State’s position, Mar-low’s motion was facially sufficient. He alleged that the seized property was his own, that it was neither contraband nor the fruit of criminal activity, and that it was not being held as evidence. See Brown v. State, 613 So.2d 569, 570 (Fla. 2d DCA 1993) (holding that a facially sufficient motion for the return of seized property is one in which the defendant alleges “that the property was exclusively his or her own, that it was not contraband or the *1240 fruit of criminal activity, and that it was not being held as evidence or by similar lawful justification”). Therefore, we reverse the denial of Marlow’s motion for return of personal property, and remand for an evidentiary hearing where the defendant must “prove the property is exclusively his own, that it was not the fruit of illegal activity, and that it is not being held for evidentiary purposes.” Sanchez v. State, 88 So.3d 389, 391 (Fla. 4th DCA 2012). If the motion is granted, the State shall exercise reasonable diligence to determine whether the property is in the possession of the North Miami Beach Police Department or any other law enforcement agency.
Reversed and remanded.