DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN SANCHEZ,** a/k/a **GEORGE RUIZ,** a/k/a **MIGUEL MARTINEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3639

[August 5, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 06-2004017383CF10B.

Juan Sanchez, Miami, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges the trial court's denial of his motion for return of his property. The trial court concluded that appellant's claim of ownership of the personal property was not credible. We affirm, as the trial court has the authority to deny a motion for return of property when, after conducting an evidentiary hearing, it disbelieves the movant's claim of ownership of personal property.

Sanchez was arrested in October 2004 and was charged with burglary of a dwelling and unlawful use of a false name/ID. He entered a nolo contendere plea and was adjudicated guilty. The background facts of his crime are as follows. The victim was at home on his back patio when he saw Sanchez inside his bedroom. When the victim opened the door Sanchez was trying to take the computer, which he dropped. The victim saw him flee into a green Ford Explorer. Police stopped Sanchez, and the victim was brought to the stop location where he identified Sanchez as the person in his home. Upon searching Sanchez, officers found nine rings, a pair of earrings, and cash in Sanchez's shoe. Five more rings, a bracelet and a lock pick were found in one pants pocket, and nine watches were

found in his other pants pocket. The vehicle was searched at the time of his arrest, and it contained two pillowcases which held, "jewelry, foreign coins, foreign currency, clothing, [a] Playstation 2, wallets, electronic organizer, cell phone, miscellaneous papers, perfume and a brown box." Subsequently, Sanchez was charged with burglary of an occupied dwelling, possession of burglary tools, possession of stolen property and obstruction for giving the officer a false name. As indicated above, he pled nolo contendere to the burglary and false name/ID charge, was convicted, and began serving his sentence.

Later, Sanchez filed multiple motions for return of property which were denied without an evidentiary hearing. His most recent motion for return of property was denied on August 13, 2010, because the trial court determined that Sanchez had not alleged sufficient proof of ownership of the personal property.[1] That case was appealed to this court in *Sanchez v. State*, 88 So. 3d 389 (Fla. 4th DCA 2012). We reversed, as we concluded that his motion and affidavit were sufficient to require the trial court to hold an evidentiary hearing at which the court should determine:

> [W]hether the seized property belonged to Sanchez and whether it was being withheld for prosecutorial purposes. Even though the property was removed from a vehicle that did not belong to Sanchez, he should have been afforded an evidentiary hearing to ensure that he does not, in fact, have a possessory interest in those items. After the hearing, the trial court can then invoke its power to determine whether there is a valid basis to return the property to Sanchez.

*Id.* at 392.

On remand the trial court conducted the required hearing. Sanchez testified that he had an inventory sheet of what was taken, and he was claiming only those items which were taken from his personal possession, not the other items in pillow cases in the vehicle. The court asked him if he owned the property, and he said he did and that it was not the fruit of any criminal activity.

---

[1] The issue of whether the statute of limitations had run does not appear to have been raised in this case. *Poux v. State*, 985 So. 2d 1191, 1192 (Fla. 4th DCA 2008), acknowledges that section 95.11(3), Florida Statutes, provides a four-year civil statute of limitations for actions to recover personal property.

The police department attorney recited the facts from the seizure, and when police searched the vehicle they found nine rings, a pair of earrings, and cash hidden in his shoe. She explained to the court, "We weren't able to show that those items were linked to this particular burglary, but at this point they are preserved as evidence in potential other crimes that may be associated with that we have not found the owner." "We have not received any proof of ownership—." The court indicated that after eight years, "I don't think it's [evidentiary proof of ownership] coming." The police department attorney reiterated "[I]t's our position that . . . in the last eight years, nothing has changed, that he has not shown that he is the rightful owner of this property, and we would ask the Court to deny his motion."

The assistant state attorney added that Sanchez had not been able to provide any description for the items he was seeking and he "just hands the Court a property receipt saying, okay, whatever's there that was . . . found on my person is mine." The assistant state attorney argued that even without a receipt to show ownership Sanchez should be able to "describe those items or provide a description for those items and he is unable to do even that." He was "just providing an inventory of a number of different items that happened to be found on his person, not including two pillow cases full of items that were found in the car which he shared with the codefendant[.]"

Sanchez then stated that he previously had some receipts for some of the watches when he came to the Broward County jail but that they had been disposed of. The court asked what he was doing with nine watches on his person and he responded, "I was evicted from my apartment, right, and the stuff that was in the vehicle was mine only, but I'm not claiming it because the State is saying the – I'm not entitled to it because the vehicle was not registered under my name. . . . I'm just claiming what was on my person." He explained that he had been employed but didn't have any receipts for the personal property, noting, "Who keeps receipts for money or jewelry or a shirt that you bought at the store? Nobody keeps receipts."

The police department's attorney argued that Sanchez had not proven ownership. Based upon the fact that he had been stopped for burglary of an occupied dwelling, "any reasonable person wouldn't believe that based on the facts that are listed in the narrative that these items were his." He had $320 in cash hidden in his shoe. He had a pair of woman's earrings, nine rings, and multiple watches. Sanchez claimed that he had actually been in possession of $3,200 when he was arrested. The police department attorney indicated that there had been only $320 on his person.

3

The court did not accept Sanchez's claims that the jewelry was his, specifically ruling, "I do not believe your testimony that the jewelry was yours, and I have made that credibility determination[.]" As to the currency the court stated that it didn't have any reason to disbelieve that the currency was his. The court granted the motion for the return of the $320 in currency but denied the motion as to the other property. Sanchez now appeals.

The applicable procedure for a motion for return of personal property is similar to one for postconviction relief. *See Bolden v. State*, 875 So. 2d 780, 782 (Fla. 2d DCA 2004). A facially sufficient motion for return of property must: 1) specifically describe the property at issue; 2) allege that the property is the personal property of the movant; 3) allege that the property was not the fruit of criminal activity; and 4) allege that the property is not being held as evidence. *West v. State,* 35 So. 3d 175, 176 (Fla. 2d DCA 2010). As we noted in our prior opinion, Sanchez's motion was facially sufficient.

If the motion is facially sufficient, the court "may order the State to respond" by "refuting the defendant's argument that the property should be returned." *Sanchez,* 88 So. 3d at 391. In an evidentiary hearing, the "defendant is required to prove the property is exclusively his own, that it was not the fruit of illegal activity, and that it is not being held for evidentiary purposes." 88 So. 3d at 391. In our prior opinion we also placed the burden on Sanchez to prove ownership of the property. *Id.* at 391. This is consistent with the procedure for postconviction relief where the burden stays on the defendant to prove his or her claims at an evidentiary hearing. *See Pennington v. State*, 34 So. 3d 151 (Fla. 1st DCA 2010); *Williams v. State*, 974 So. 2d 405, 407 (Fla. 2d DCA 2007).

Our standard of review from an order on return of property is also similar to that of our standard on appeal of a postconviction motion. *See Bolden.* Following denial of a claim for postconviction relief after an evidentiary hearing, the appellate court is required to give deference to the trial court's factual findings. "As long as the trial court's findings [after an evidentiary hearing] are supported by competent substantial evidence, [the District Court] will not 'substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'" *Jeantilus v. State*, 944 So. 2d 500, 501 (Fla. 4th DCA 2006).

Although Sanchez claims that he owned the personal property found on his person, the trial court specifically found his testimony not credible. Thus, he failed to prove the property was exclusively his own. The state

presented the circumstances of his possession. Certainly, the circumstantial evidence of how and when this property was found calls into question his bald statement of ownership, with nothing to back up his claim. Giving the appropriate deference to the trial court's credibility findings, we conclude that the trial court had the discretion to reject his claim of ownership and thus deny the return of property to him.

Appellant relies on *Bolden* as support for reversal. While *Bolden* provided the procedure to follow in motions for return of property, it did not involve review after an evidentiary hearing. There, police seized personal property from Bolden's apartment, some of which was used in his criminal prosecution for burglary and theft. Bolden filed a motion for return of property which the trial court ultimately denied without an evidentiary hearing, finding that Bolden had not proved ownership of the items. The court returned to Bolden only those items which were specifically identifiable as his, such as his social security card.

In reversing the trial court's order denying return, the Second District noted that when a trial court determines that a facially sufficient motion has been filed, the trial court must then determine whether the property was confiscated by a law enforcement agency and is still in the agency's possession. The defendant is not entitled to return of property if the state has entered the property into evidence in a criminal proceeding, is entitled to proceed with forfeiture of the property, or intends in good faith to enter another criminal prosecution in which the property will be admissible as evidence. "However, if the state is 'unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to [the defendant.]'" *Id.* at 783. Nevertheless, the court reversed because the trial court had required Bolden to assert in the motion facts showing his ownership and failed to provide Bolden an evidentiary hearing on the return. Thus, *Bolden* did not involve a trial court's ruling at an evidentiary hearing that a defendant did not own the property based upon a credibility determination.

*Bolden* cited *Stone v. State*, 630 So. 2d 660 (Fla. 2d DCA 1994), relied on by Sanchez, but *Stone* also is distinguishable. There, the defendant, who had been prosecuted on felony charges, demanded the return of items seized by the police but not used as evidence against him. The court denied the motion. In reversing, the Second District noted, "It is one thing if a claimant can be located with a superior possessory interest in the property, and quite another for the property to be withheld merely on speculation that [the defendant] may have acquired it illegally." 630 So. 2d at 660. Accordingly, in *Stone*, the court reversed for an evidentiary

hearing where, if the court determined that the law enforcement agency had possession of the property which was not used or intended to be used in prosecution, and the state was "unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to Stone or to such person(s) as he may designate." *Id.* at 661. However, like *Bolden, Stone* did not involve a determination of right of possession based upon an evidentiary hearing and a trial court's determination that a defendant's claim of ownership was not credible.

Because of the deference we give the trial court's credibility findings after an evidentiary hearing on a motion for return of property, we affirm the trial court's denial of the motion.

*Affirmed.*

LEVINE and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6