DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEFFREY BURCH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3616

[June 29, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey Cohen, Judge; L.T. Case No. 14-9221 CF10A.

H. Scott Hecker of H. Scott Hecker, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

The appellant, Jeffrey Burch, appeals from a final order denying his motion for return of property. Burch argues that the trial court abused its discretion in refusing to return Burch's property, which had been taken from Burch upon his arrest and which property was not subject to forfeiture or needed as evidence for any prosecution. We agree that the order is deficient and reverse.

The state formally charged Burch by information with aggravated assault with a firearm, child abuse, and domestic battery. As part of his pre-trial release, the defendant was ordered to surrender any firearms, ammunition, and any concealed weapons permits to the nearest police department. The state subsequently filed an amended information charging Burch with aggravated assault with a firearm (Count I), contributing to the delinquency of a minor (Count II), and battery (Count III). After Burch pled no contest to Counts II and III and the state dropped Count I, the trial court withheld adjudication as to Counts II and III, and placed Burch on probation.

During his probation, Burch filed a motion for return of property requesting that all confiscated property, which consisted of items such as weapons, ammunition, and body armor, be returned to a third party. The Broward County Sheriff's Office did not seek forfeiture of this property and had no objection to the return of the property to the third party.

At the hearing on the motion for return of property, the trial court noted that, according to the probable cause affidavit, Burch possessed a firearm at the time of the alleged aggravated assault. The trial court then denied the motion and indicated that the return of Burch's property was solely within the trial court's discretion. The trial court further indicated that it was not directly ordering the property to be forfeited or destroyed. This appeal follows.

The standard of review for the denial of a motion for return of property is "similar to that of [the] standard on appeal of a postconviction motion." *Sanchez v. State*, 174 So. 3d 439, 442 (Fla. 4th DCA 2015). An appellate court will not substitute its judgment for that of the trial court on questions of fact, likewise on questions of the credibility of the witnesses and the weight to be given to the evidence, as long as the trial court's findings are supported by competent, substantial evidence. *Id.* (citation omitted).

This court has previously stated that "[a] facially sufficient motion for return of property must:  1) specifically describe the property at issue; 2) allege that the property is the personal property of the movant; 3) allege that the property was not the fruit of criminal activity; and 4) allege that the property is not being held as evidence." *Id.* (citation omitted).

We conclude that the trial court should have granted Burch's motion because a legal basis to deny it is not apparent. It appears that the trial court made its determination based upon a charge that was later nolle prossed by the state. The property confiscated from Burch was not submitted into evidence in a criminal proceeding and the state did not intend to pursue forfeiture against the property. Accordingly, the order on appeal is reversed and remanded for the trial court to order its immediate release or enter an order in which the trial court fully explains its decision to deny the appellant's motion.

*Reversed and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

2

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*