613 So.2d 1348 (1993)
Sanford Paul BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04600.
District Court of Appeal of Florida, Second District.
February 12, 1993.
*1349 PER CURIAM.
Sanford Paul Butler appeals a post-judgment order of the circuit court. We affirm.
In his original "motion for return of property" Butler demanded that the Pasco County Sheriff's Department relinquish personal possessions which Butler claimed were seized during his arrest on felony charges. According to Butler none of the items "was ... linked to any criminal activity." Initially the circuit court entered an order commanding the sheriff to return the property. However, the sheriff successfully petitioned for reconsideration of this order, claiming that the property was "lawfully destroyed or otherwise disposed of" in June, 1991, pursuant to section 705.105, Florida Statutes (1991). Butler argued in a motion for rehearing that the sheriff had not complied with the statute in several respects. He also sought money damages in view of the fact the original property could no longer be retrieved. Upon denial of that motion, Butler appealed.
When a trial court has assumed jurisdiction over criminal charges, it is thereafter vested with an inherent power to assist the true owner in the recovery of property held in custodia legis. Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972). A separate suit for replevin or conversion is not necessary. Estevez v. Gordon, 386 So.2d 43 (Fla. 3d DCA 1980). Upon receipt of a facially sufficient motion the court is obligated to exercise this inherent power, and relief by mandamus may be available in the event it does not. Estevez.
Because the circuit court entertained Butler's motion on its merits, mandamus is not appropriate in this case. In Golding v. Director of Public Safety Department of Metropolitan Dade County, 400 So.2d 990 (Fla. 3d DCA 1981), it was suggested that the proper remedy for the aggrieved party is an interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). However, since the order in this case is final, we follow the lead of the First District in Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991), which suggests such appeals should be processed much like postconviction appeals.
In Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993), the Tampa Police Department disavowed knowledge of some of the items demanded by the movant. We analogized the trial court's order denying relief to the granting of summary judgment while disputed facts remain unresolved. Citing Coon, we suggested that an evidentiary hearing was necessary to determine such questions as "whether enumerated items were, in fact, seized, and whether a valid basis exists to permit their retention by authorities." Brown, 613 So.2d at 571.
*1350 The present case differs from Brown in that the fate of Butler's property is not in doubt. As noted in Brown, "[c]ertainly the court cannot make the police department return property it does not possess." We are aware Butler asserts that the sheriff did not comply with statutory requirements in disposing of his property. However, should this be the case, Butler's remedy is an original action pursuant to the rules of civil procedure. Brown. The limited record before us does not permit us to express an opinion on the merits of Butler's argument.
Affirmed.
RYDER, A.C.J., and FRANK and HALL, JJ., concur.