630 So.2d 660 (1994)
Michael B. STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02412.
District Court of Appeal of Florida, Second District.
January 14, 1994.
Michael B. Stone, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Christopher M. Sierra, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Michael Stone appeals the denial of his motion for return of property. We reverse.[1]
Stone, who had been prosecuted on felony charges, demanded the return of a cellular phone and "boom box" which had been seized by police but were not used as evidence against him. The circuit court's order is somewhat confusing in that it states both that the motion is denied and that the property is to be released to "Mildred Stone or Michelle Stone." It is unclear whether Mildred and Michelle Stone are rival claimants to the property, or whether the order was prepared by Stone in anticipation the judge would grant it.
In its response the state apprises us that the circuit court intended to deny the motion without prejudice to Stone to establish proof of ownership. The prosecutor is said to take the position that, insofar as Stone was convicted of credit card fraud and the items in question were packaged like new merchandise, Stone should have to prove he owns them and that they are not "the fruits of crimes."
If this is the position taken by the circuit court, it does not comport with our decision in Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993). Faced with a motion such as that filed by Stone, the court has the inherent power "to resolve such questions as whether enumerated items were, in fact, seized, and whether a valid basis exists to permit their return by authorities." 613 So.2d at 571. It is one thing if a claimant can be located with a superior possessory interest in the property, and quite another for the property to be withheld merely on speculation Stone may have acquired it illegally.
Accordingly, we remand this matter for an evidentiary hearing. As a threshold matter *661 the circuit court should determine whether the property in question was seized in the manner alleged in Stone's motion, that is, whether it was confiscated by police in connection with a prosecution that has since terminated. If Stone's facts are simply untrue, the motion may be summarily denied.
Assuming Stone has correctly stated the facts, the court should then ascertain whether the property is still in police possession. If not, it will be necessary for Stone to initiate a separate civil action. See Butler v. State, 613 So.2d 1348 (Fla. 2d DCA 1993). If the property is available for return, Stone is nevertheless not entitled to it if (contrary to the motion) the property was introduced in evidence or if the state intends, and is able, to pursue forfeiture against the property. If, however, the state was unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to Stone or to such person(s) as he may designate.
Reversed.
ALTENBERND, A.C.J., and BLUE and LAZZARA, JJ., concur.
NOTES
[1] This appeal has proceeded in summary fashion, pursuant to Fla.R.App.P. 9.140(g), on the authority of Butler v. State, 613 So.2d 1348 (Fla. 2d DCA 1993), and Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993).