735 So.2d 1290 (1999)
Alba L. ROMERO-SAAVEDRA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3449.
District Court of Appeal of Florida, Third District.
July 28, 1999.
Alba L. Romero-Saavedra, in proper person.
Robert A. Butterworth, Attorney General and Lara J. Edelstein, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
The appellant was arrested and ultimately charged by the state with trafficking in illegal drugs. At the time of her arrest, she was in possession of $1,462 in currency which was seized as the evidence by law enforcement officials. The appellant pled guilty to the charge on January 9, 1997. On August 13, 1997, eight months after the conclusion of the criminal proceeding, the appellant filed her petition for the return of her currency. The trial court's denial of this petition prompted this appeal.
We affirm the lower court's denial of the petition because it was untimely filed pursuant to section 705.105(1), Florida Statutes *1291 (1997). That statute specifically provides that:
Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.
Thus, where the appellant failed to file her petition within sixty days after the conclusion of the criminal proceeding, title to the currency properly vested with the law enforcement agency.
Affirmed.