765 So.2d 880 (2000)
Daniel G. DURAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2590.
District Court of Appeal of Florida, Second District.
August 18, 2000.
PER CURIAM.
Daniel Durain appeals the trial court order which denied in part and granted in part his motion for the return of property seized following his arrest in June 1996. We affirm in part and reverse in part.
A trial court is vested with an inherent power to assist the true owner in the return of property held in custodia legis. See Garmire v. Red Lake, 265 So.2d 2 (Fla.1972); Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993). Durain's motion was facially sufficient in that he alleged that the property at issue was his personal property, was not the fruit of criminal activity, and was not being held as evidence. See Brown. The State failed to respond to the trial court's order directing it to cite applicable case law and attach all relevant portions of the record to refute Durain's contention that the property *881 should be returned. We therefore affirm that portion of the order returning Durain's wallet and contents including his credit cards, social security card, pictures and other papers. We reverse that portion of the order denying the return of $187.00 in currency also contained in the wallet.
Affirmed in part; reversed in part.
CAMPBELL, A.C.J., GREEN and DAVIS, JJ., Concur.