875 So.2d 780 (2004)
Deatrick S. BOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4698.
District Court of Appeal of Florida, Second District.
June 23, 2004.
*781 Deatrick S. Bolden, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Deatrick S. Bolden appeals the final order granting in part and denying in part his motion to return property. Because the trial court incorrectly placed the burden to prove ownership on Bolden, we affirm in part and reverse in part.
During a search of Bolden's apartment, police officers seized a large number of items, many of which were later used as evidence in at least three criminal prosecutions against Bolden for burglary, theft, and related charges.[1] The list of items seized was over thirty pages long.
On February 7, 2002, Bolden filed a motion to return property, but he did not list the items he sought to have returned. Instead, he moved for the return of all of the seized property that "is not contraband and has not and will not be used as evidence in his trials." At a hearing on May 30, 2002, Bolden told the court that he intended his motion to encompass the thirty-page inventory of all the items seized, excluding the items held in evidence or claimed during the public showings conducted by the Fort Myers Police Department. In a ruling announced orally, the trial court denied Bolden's motion without prejudice for Bolden to provide a specific list of the items he sought to have returned, together with an explanation of how each item was Bolden's and not the fruits of criminal activity or belonging to someone else. In the trial court's words: "[S]o just identifying it isn't going to get it. I need to know when he bought it, where *782 he bought it and how much he paid for it...."
On September 18, 2002, Bolden filed an amended motion to return property and attached a partial list of items that were "obviously" his. Bolden also announced his intent to appeal the trial court's ruling that "he provide proof of ownership of all of the other items found in his apartment."
On October 14, 2002, the trial court held a second hearing at which neither the State nor Bolden was present. Bolden's counsel[2] physically brought into the courtroom the items listed in Bolden's amended motion, and the trial judge examined each item to see which items bore Bolden's name or were otherwise obviously his. Filling more than twenty evidence bags, the items included jewelry, coins, pawn slips, and other papers. The trial court declined to return items such as money and a black leather bag because they were not obviously Bolden's. The trial court also declined to return items such as pawn slips because Bolden could not show that they were not the fruits of criminal activity. The trial court did return items such as Bolden's social security card and insurance card because they bore his name. In a written order, the trial court ruled that the motion was "[g]ranted as to items which are readily identifiable to the Defendant (has his name on them)" and "[d]enied as to all other items."
When a trial court assumes jurisdiction over criminal charges, it has inherent authority to assist the true owner in the recovery of property that has been seized from the defendant. Brown v. State, 613 So.2d 569, 570 (Fla. 2d DCA 1993); Coon v. State, 585 So.2d 1079, 1080 (Fla. 1st DCA 1991). When the defendant seeks the return of seized property as the true owner, the applicable procedure is similar to the procedure for the consideration of a motion for postconviction relief.[3] First, the defendant must file a facially sufficient motion for the return of property. Brown, 613 So.2d at 570. To be facially sufficient, the motion must allege that "the property at issue was his personal property, was not the fruit of criminal activity, and was not being held as evidence." Durain v. State, 765 So.2d 880, 880 (Fla. 2d DCA 2000).[4] Implicit in this standard is the requirement that the defendant must specifically identify "property at issue." However, the defendant need not establish proof of ownership in order to allege a facially sufficient claim for the return of property. Stone v. State, 630 So.2d 660, 660-61 (Fla. 2d DCA 1994).
If the trial court finds that a motion to return property is facially sufficient, it may order the State to respond by citing applicable case law and attaching portions of the record to refute the defendant's contention that the property should be returned, after which the motion may be summarily denied. Durain, 765 So.2d at 880-81. In the alternative, the trial court may hold an evidentiary hearing. At *783 the evidentiary hearing, the trial court must first ascertain whether the property was confiscated by a law enforcement agency in connection with a criminal prosecution and whether the property is still in the agency's possession. Stone, 630 So.2d at 661.[5] If the State can show that the property was entered into evidence or that the State intends to pursue forfeiture against the property, the defendant is not entitled to have the property returned. Id. at 661. Similarly, the defendant is not entitled to have the property returned if the State intends in good faith to bring another criminal prosecution at which the items would be admissible in evidence. Oleandi v. State, 731 So.2d 4, 6 (Fla. 4th DCA 1999); Kern v. State, 706 So.2d 1366, 1370 (Fla. 5th DCA 1998). However, if the State is "unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to [the defendant] or to such person(s) as he may designate." Stone, 630 So.2d at 661.
When the trial court first considered Bolden's motion for return of property filed February 7, 2002, it could have denied the motion as facially insufficient because the motion did not specifically identify the property at issue. However, the trial court erred by requiring Bolden to assert facts proving ownership in his motion. In further proceedings that were not conducted in accordance with the procedure described above, the trial court continued to place the burden to prove ownership on Bolden.
Therefore, we reverse the order under review to the extent that it denied the return of items specified in the amended motion, and we remand for further proceedings. At a minimum, a new evidentiary hearing must be held on the balance of the items specified in the amended motion. Also, Bolden shall be granted leave to amend his motion to include additional items that were not listed in the amended motion. If Bolden amends his motion to assert a claim to such additional items that is facially sufficient and not refuted by the record, then the evidentiary hearing on remand shall include consideration of the additional items as well.
We address one final matter. Bolden complains that he was not personally present at some of the proceedings during which his motion was considered. Because consideration of a motion for the return of property is governed by procedures similar to those used in postconviction proceedings, general principles of postconviction relief govern the necessity for the defendant's presence. A defendant is not entitled to be present as a matter of right; however, when "there are questions of fact within the defendant's own knowledge which must be resolved, the defendant must be afforded the opportunity to testify and cross-examine witnesses." Harrell v. State, 458 So.2d 901, 902 (Fla. 2d DCA 1984) (citing Alfonso v. State, 319 So.2d 49, 50 (Fla. 2d DCA 1975)). Accordingly, on remand, if the trial court can resolve Bolden's motion under the proper standard without considering facts that are within Bolden's knowledge, then Bolden need not be present.
Affirmed in part, reversed in part, and remanded for further proceedings.
SALCINES and COVINGTON, JJ., Concur.
NOTES
[1] Bolden v. State, 845 So.2d 193 (Fla. 2d DCA 2003) (table decision); Bolden v. State, 834 So.2d 164 (Fla. 2d DCA 2002) (table decision); Bolden v. State, 832 So.2d 153 (Fla. 2d DCA 2002).
[2] The public defender represented Bolden in the proceedings below, which apparently occurred during the pendency of one or more of his criminal trials. Bolden appears pro se in this appeal after the public defender was allowed to withdraw on the ground that a criminal defendant is not entitled to public representation in a proceeding for the return of property.
[3] Similarly, an appeal from a final order denying a motion for the return of property under these circumstances proceeds much like a postconviction appeal pursuant to Florida Rule of Appellate Procedure 9.141(b)(2). Stone v. State, 630 So.2d 660, 660 n. 1 (Fla. 2d DCA 1994); Butler v. State, 613 So.2d 1348, 1349 (Fla. 2d DCA 1993).
[4] We do not suggest that a motion to return property must be under oath as is required of postconviction motions. "If [the defendant's] facts are simply untrue, the motion may be summarily denied." Stone, 630 So.2d at 661.
[5] If the items are not still in the law enforcement agency's possession, the defendant must pursue a separate civil action against the agency that had possession. Brown, 613 So.2d at 571; Butler, 613 So.2d at 1350.