ALTENBERND, Chief Judge.
Paul E. Allen appeals an order denying his motion for return of property. He claims that he was arrested on June 30, 1993, and that numerous items of personal property were seized from his residence at that time. Thereafter he was tried and convicted of various offenses and sentenced to forty years’ imprisonment. His convictions and sentences were affirmed in 1996. See Allen v. State, 688 So.2d 918 (Fla. 2d DCA 1996).
In conjunction with this prosecution, Combined Law Enforcement Against Narcotics (CLEAN) filed a forfeiture action against Mr. Allen and obtained a judgment for two pickup trucks and a car phone. Mr. Allen does not contest this forfeiture judgment. Instead, he is arguing that numerous other items of personal property were taken from him that were not contraband or evidence and that they were never returned to him.
Our record appears to be incomplete, but it does contain an “amended” motion to return property filed by Mr. Allen’s attorney in February 1998 and court minutes from 1998 and 2000 indicating that hearings were held on this motion at which “no action” was taken. Mr. Allen’s attorney apparently withdrew from the case before this matter was resolved. In July 2001, Mr. Allen prepared and submitted an order on return of property that lists all of the claimed property. It was his belief that a circuit court judge had ruled in his favor, but nothing in the record confirms that belief. The circuit court did not enter this order.
In January 2004, Mr. Allen wrote the circuit court in an effort to have his order entered. Apparently in response, on March 4, 2004, the trial court entered an order denying the motion for return of property. The only explanation provided *298 for the denial of the motion is the statement that the “record contains no evidence of any court order granting return of property to Defendant and a prior civil ease forfeits property from the Defendant to the State.” Although that recitation appears correct, it does not resolve the merits of the motion that has been pending for six years.
We express no opinion on the merits of this motion but reverse this order and remand for further proceedings. The trial court may find helpful Judge Wallace’s recent explanation of the procedures applicable to such a motion. See Bolden v. State, 875 So.2d 780 (Fla. 2d DCA 2004).
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur.