895 So.2d 1185 (2005)
EIGHT HUNDRED, INC., et al., Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1405.
District Court of Appeal of Florida, Fifth District.
February 18, 2005.
*1186 Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Appellant.
No Appearance for Appellee.
MONACO, J.
This case in a number of different iterations has been a frequent visitor to this court.[1] Pondella Hall for Hire, Inc., n/k/a Eight Hundred, Inc. ("Eight Hundred"), and the other appellants in this appeal have been acquitted of all criminal charges against them, and seek the return of personal property seized by the State in connection with those charges. We are now faced with the issue of whether the motion for return of personal property filed by Eight Hundred sufficiently identified the seized property.
Eight Hundred's predecessor was a business that operated bingo halls in several counties. As a result of a multi-county criminal investigation, state and local authorities seized Eight Hundred's personal property, and sought to enjoin it from operating bingo games at various locations. Numerous criminal charges, as well as forfeiture and RICO actions, were brought against Eight Hundred's predecessor, none of which appear to be currently pending. After giving Eight Hundred many opportunities to describe the items of property with greater specificity, the trial court denied the motion seeking return of the property with prejudice as "legally insufficient," finding that the property had never been adequately identified by the movant. Eight Hundred appeals the order of dismissal.[2] For the most part we agree with the trial judge and commend him for his patience. Nevertheless, Eight Hundred does appear to have identified a few items with sufficient definition, and as to those items, we reverse.
A court has inherent power to direct the return of property seized from a criminal defendant if that property is no longer needed as evidence. See Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991). To be facially sufficient, a motion for the return of seized property must allege that the property at issue was the movant's personal property, was not the fruit of criminal activity, and was not being held as evidence. Implied in this standard is the requirement that the defendant must specifically identify the property at issue. See Bolden v. State, 875 So.2d 780 (Fla. 2d DCA 2004). In Coon, the court noted that the appellant's description of the property allegedly taken was "somewhat vague" as it merely set forth "tools, radios, speakers, etc." The court indicated, however, that since the alleged dates of the seizures were listed and a return search warrant inventory was included, the information provided was sufficient to satisfy any uncertainty regarding a proper description of the property sought. To some extent, we have the same circumstance here.
*1187 From our review of the record it appears that the following items were identified with enough particularity to permit the trial court to determine whether they should be returned to Eight Hundred:
A. Property seized in Orange County:
1. Bingo lottery drum.
2. Invoices and correspondence actually in possession of the Attorney General's Office.
B. Property seized in Lee County: DR-15 (sales tax documents), to the extent that the same are in the possession of the State and have not been destroyed.
C. Property seized in Osceola County: Items listed in the search warrant inventory and receipt dated March 30, 1994.
Accordingly, we affirm the dismissal in all respects, except as to the items listed above. We remand the case to the trial court for a determination regarding whether these items ought to be returned to Eight Hundred.
AFFIRMED in part, REVERSED in part, and REMANDED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] Various interrelated cases have been reviewed by this court over the years. See Pondella Hall for Hire, Inc. v. Lamar, 866 So.2d 719 (Fla. 5th DCA), review denied, 879 So.2d 623 (Fla.2004); Pondella Hall for Hire, Inc. v. Lamar, 860 So.2d 19 (Fla. 5th DCA 2003); Pondella Hall for Hire, Inc. v. Croft, 844 So.2d 696 (Fla. 5th DCA 2003); Pondella Hall for Hire, Inc. v. City of St. Cloud, 837 So.2d 510 (Fla. 5th DCA 2003); Eight Hundred, Inc. v. State, 781 So.2d 1187 (Fla. 5th DCA 2001). See also, Dep't of Legal Affairs v. Bradenton Group, Inc., 727 So.2d 199 (Fla.1998).
[2] We have jurisdiction. See Fla. R.App. P. 9.130(a)(1)(C)(ii).