975 So.2d 437 (2007)
Randall R. HARKLESS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3547.
District Court of Appeal of Florida, Second District.
March 23, 2007.
*438 WALLACE, Judge.
Randall R. Harkless appeals the summary denial of his complaint for replevin, which the circuit court treated as a motion for return of property. We reverse the summary denial of the motion and remand for further proceedings consistent with this opinion.
In his motion for return of property, Mr. Harkless sought the return of $360 that the Lake Wales Police Department had confiscated from him at the time of his arrest on July 19, 2005. He alleged that the $360 was from his "employment paycheck" and that to the best of his knowledge, the Lake Wales Police Department had possession of it. In addition, Mr. Harkless alleged that the $360 had not been taken for a tax, an assessment, or a fine, nor had it been taken under an execution.
"A trial court's jurisdiction over a criminal proceeding includes inherent authority *439 over property seized or obtained in connection with the proceeding and thus held in custodia legis." Stevens v. State, 929 So.2d 1197, 1198 (Fla. 2d DCA 2006) (citing White v. State, 926 So.2d 473 (Fla. 2d DCA 2006), and Eight Hundred, Inc. v. State, 781 So.2d 1187, 1191-92 (Fla. 5th DCA 2001)). "This authority continues beyond the termination of the prosecution, thus enabling the court to direct the return of the property to its rightful owner." Id. A facially sufficient motion for return of property must specifically identify the property and allege that it is the movant's personal property, that the property is not the fruit of criminal activity, and that the property is not being held as evidence. See Scott v. State, 922 So.2d 1024, 1026 (Fla. 5th DCA 2006) (citing Eight Hundred, Inc. v. State, 895 So.2d 1185, 1186 (Fla. 5th DCA 2005), and Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004)).
The circuit court could have concluded in accordance with Bolden, 875 So.2d at 782, that Mr. Harkless's motion was facially insufficient because it did not allege that the property was not the fruit of criminal activity and did not allege that the property was not being held as evidence. Instead, the circuit court denied Mr. Harkless's motion based on the State's response.[1] In its response, the State objected to the return of the $360 because the time for Mr. Harkless to file a motion for postconviction relief had not yet expired. The State noted that Mr. Harkless did not file a direct appeal and that the time to file such an appeal had expired. However, the State also claimed that if Harkless prevailed on a motion for postconviction relief or successfully petitioned for a belated appeal, "the seized cash could figure as an evidence exhibit in any retrial."
Assuming that the circuit court determined Mr. Harkless's motion to be facially sufficient, it should have attached portions of the record to conclusively refute his claim, or it should have held an evidentiary hearing.[2]Bolden, 875 So.2d at 782. Nevertheless, the circuit court failed to attach any portion of the record that conclusively refutes Mr. Harkless's entitlement to the $360. Mr. Harkless's right to the return of his property is not contingent on the expiration of the time period within which he may file any postconviction motions. Accordingly, we reverse the order of the circuit court, and we remand for the circuit court to reconsider Mr. Harkless's motion.
On remand, the circuit court should determine whether Mr. Harkless's motion is *440 facially sufficient. If the circuit court determines that the motion is facially sufficient, it may hold an evidentiary hearing. If the circuit court again summarily denies Mr. Harkless's claim, it must attach to its order those portions of the record that conclusively refute the claim. Alternatively, if the circuit court determines that Mr. Harkless's motion was timely filed[3] but facially insufficient, it should identify any deficiencies in the motion and grant Mr. Harkless leave to amend his motion within a reasonable time.
Reversed and remanded.
NORTHCUTT, J., Concurs.
KELLY, J., Concurs in result only.
NOTES
[1] "If the trial court finds that a motion to return property is facially sufficient, it may order the State to respond by citing applicable case law and attaching portions of the record to refute the defendant's contention that the property should be returned, after which the motion may be summarily denied. Durain [v. State, 765 So.2d 880, 880-81 (Fla. 2d DCA 2000)]. In the alternative, the trial court may hold an evidentiary hearing." Bolden, 875 So.2d at 782.
[2] At the evidentiary hearing, the trial court must first ascertain whether "the property was confiscated by a law enforcement agency" and is "still in the agency's possession." Bolden, 875 So.2d at 782-83. Mr. Harkless is not entitled to have the property returned "[i]f the State can show that the property was entered into evidence," that it "intends to pursue forfeiture against the property," or that it intends "to bring another criminal prosecution at which the [property] would be admissible" into evidence. Id. at 783. "However, if the State is `unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to [the defendant] or to such person(s) as he may designate.'" Bolden, 875 So.2d at 783 (alteration in original) (quoting Stone v. State, 630 So.2d 660, 661 (Fla. 2d DCA 1994)).
[3] "Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding." § 705.105(1), Fla. Stat. (2004). See also Sarmiento v. State, 816 So.2d 826, 827 (Fla. 3d DCA 2002) (affirming an order denying a defendant's petition for the return of his property where the petition was not filed within sixty days after the conclusion of the criminal proceeding).