959 So.2d 806 (2007)
Joe ALMEDA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4418.
District Court of Appeal of Florida, Second District.
June 27, 2007.
*807 WALLACE, Judge.
Joe Almeda appeals the summary denial of his motion for return of personal property. We reverse the summary denial of the motion, and we remand for further proceedings consistent with this opinion.

The Facts and Procedural Background
On February 25, 2000, Hillsborough County sheriff's deputies executed a search warrant at Mr. Almeda's residence. As a result of the search, the deputies seized a number of items relating to the prosecution of Mr. Almeda for two counts of lewd and lascivious battery and one count of computer pornography. In November 2002, Mr. Almeda reached a negotiated plea agreement with the State on the pending charges. He pleaded guilty to one count of lewd and lascivious battery, and the State nolle prossed the other charges. The circuit court sentenced Mr. Almeda to two years of community control, followed by six years of sex offender probation. Later, Mr. Almeda admitted that he had violated the terms of his community control. In January 2003, the circuit court sentenced him to ten years in prison.
In January 2005, Mr. Almeda filed an emergency motion to stay disposal of personal property and a motion for return of property. In his motion for return of property, Mr. Almeda requested the return of thirteen items of personal property that had been seized in the execution of the search warrant. The Hillsborough County Sheriff's Office (the HCSO) filed a response alleging that "a number of the items" that had been seized during the execution of the search warrant had already been returned to Mr. Almeda. In addition, the HCSO offered to return three items of property that it said had not previously been returned. Relying on the HCSO's response, the circuit court ordered *808 the return of the three items mentioned in the response and directed Mr. Almeda to reclaim his property within sixty days. Notably, only one of the three items that the circuit court directed the HCSO to return was listed in Mr. Almeda's motion for return of property.
Next, Mr. Almeda filed a motion for rehearing. In his motion for rehearing, Mr. Almeda pointed out that thirteen of the items he had requested in his motion for return of property were not returned or identified in the circuit court's order. The circuit court denied the motion for rehearing. Without attaching any documents to its order, the circuit court concluded that the record demonstrated that the State Attorney's Office for the Thirteenth Judicial Circuit had possession of the remaining thirteen items that Mr. Almeda was seeking to have returned.[1] The circuit court directed Mr. Almeda to contact the State Attorney's Office concerning the return of the remaining items. The order denying the motion for rehearing provided that if Mr. Almeda's renewed efforts to recover his property were unsuccessful, he could file a motion for the return of his property from the State Attorney's Office.
Mr. Almeda's efforts to obtain the return of his personal property from the State Attorney's Office were unsuccessful. Accordingly, he filed a second motion requesting the return of the remaining thirteen items that had been seized during the execution of the search warrant in 2000.
The State Attorney responded to Mr. Almeda's second motion, arguing that the items seized by the HCSO relate to the charge to which Mr. Almeda pleaded guilty, that they are evidentiary in nature, and that they should not be returned. The State Attorney asserted further that all of the items "could be admissible to establish that a crime occurred and that [Mr. Almeda] is the person who perpetrated the crime." The State Attorney concluded that because the "items fall squarely in the definition of evidence," his office was entitled to retain them. Characterizing the State Attorney's response as "persuasive," the circuit court entered an order denying Mr. Almeda's second motion for return of property. Mr. Almeda timely filed this appeal.

Discussion
"A trial court's jurisdiction over a criminal proceeding includes inherent authority over property seized or obtained in connection with the proceeding and thus held in custodia legis." Stevens v. State, 929 So.2d 1197, 1198 (Fla. 2d DCA 2006) (citing White v. State, 926 So.2d 473, 474 (Fla. 2d DCA 2006), and Eight Hundred, Inc. v. State, 781 So.2d 1187, 1191-92 (Fla. 5th DCA 2001)). "This authority continues beyond the termination of the prosecution, thus enabling the court to direct the return of the property to its rightful owner." Id. A facially sufficient motion for return of property must specifically identify the property and allege that it is the movant's personal property, that the property is not the fruit of criminal activity, and that the property is not being held as evidence. Scott v. State, 922 So.2d 1024, 1026 (Fla. 5th DCA 2006) (citing Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004), and Eight Hundred, Inc. v. State, 895 So.2d 1185, 1186 (Fla. 5th DCA 2005)).
The circuit court might have concluded that Mr. Almeda's motion was facially *809 insufficient because the motion did not include an allegation that the property was not the fruit of criminal activity. See Bolden, 875 So.2d at 782. Instead, based on the State Attorney's response, the circuit court denied the motion on the merits.[2] Alternatively, if the circuit court deemed the motion's allegations to be facially sufficient, the circuit court should have either attached portions of the record that conclusively refuted Mr. Almeda's claim or held an evidentiary hearing.[3]See id. Unfortunately, the circuit court failed to do either. It may be true that the requested items are evidentiary in nature and that they "could be admissible" to establish both the commission of one or more crimes and Mr. Almeda's identity as the perpetrator. Nevertheless, these facts aloneif truewould not establish that the State Attorney's Office was entitled to retain Mr. Almeda's property. In short, there is no evidentiary support for the circuit court's conclusion that Mr. Almeda is not entitled to the return of his property. Accordingly, we reverse the circuit court's order, and we remand for the circuit court to reconsider Mr. Almeda's motion.

Proceedings on Remand
On remand, the circuit court should determine whether Mr. Almeda's motion is facially sufficient. If the circuit court determines that the motion is facially sufficient, it may hold an evidentiary hearing. If the circuit court again summarily denies Mr. Almeda's claim, it must attach to its order those portions of the record that conclusively refute the claim. Conversely, if the circuit court determines that Mr. Almeda's motion is facially insufficient, it should identify any deficiencies in the motion and grant Mr. Almeda leave to amend his motion within a reasonable time.
Reversed and remanded with directions.
DAVIS, J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, Concurring specially.
I fully concur in Judge Wallace's opinion for the court. I write only to suggest that *810 there is a need for statutes, rules, and forms to facilitate the process of returning personal property to defendants in criminal cases once the cases have been resolved. As things stand, the courts resolve these issues using their "inherent authority." See Stevens v. State, 929 So.2d 1197, 1198 (Fla. 2d DCA 2006). This process is slow, expensive, and somewhat haphazard.
Mr. Almeda is a typical petitioner. At the time he reached a negotiated plea, he did not arrange for return of items seized from his home during a lawful search. For two and one-half years, he made no effort to obtain this property. After he violated his probation and had been incarcerated, he had some spare time to seek return of his property. None of the items described in his handwritten, unsworn motion appear to be items of significant economic value. Among other things, he is seeking return of a Christmas card, a login sheet, a black address book, and various folders with papers. Despite their limited economic value, Mr. Almeda is generally entitled to the return of this property unless it is possible evidence that could be used in a criminal proceeding.
A pro se litigant like Mr. Almeda has a difficult time navigating the array of common law rules governing the return of personal property. The case law in this area is the result of appeals from various and sundry handwritten petitions filed by prisoners with little or no training in the law. The case law is probably not a complete and coherent body of law.
To further complicate matters, property seized in connection with criminal prosecutions does not fit into two or three simple categories. For example, it can include cash, illegal drugs, firearms, and Christmas cards. Rights to the property may depend upon whether the prosecution resulted in a conviction, an acquittal, or a dismissal. As this case demonstrates, several different governmental agencies may possess the property. The involvement of several agencies complicates the allegations that must be included in the motion to return property. Moreover, the defendant's rights may also be affected by forfeiture proceedings initiated by a governmental agency other than the State Attorney and handled by a judge other than the judge assigned to the criminal case.
These circumstances combine to make such pro se litigation time-consuming and inefficient for everyone involved. In this case, during the last two years five judges, several staff attorneys, an assistant state attorney, and various support staff have all worked on the project of returning Mr. Almeda's Christmas card.
It would seem that the legislature could create a reasonably comprehensive statute governing the return of such property. The statute could give clarity that would help all parties involved and streamline this process. It could establish a reasonable statute of limitations for such claims. If the statutes were supported by appropriate procedural rules and standard forms, these matters could be resolved with greater ease in the trial courts and result in fewer appeals.
NOTES
[1] If the items are not still in the law enforcement agency's possession, the defendant must pursue a separate civil action against the agency that has possession of them. Butler v. State, 613 So.2d 1348, 1350 (Fla. 2d DCA 1993); Brown v. State, 613 So.2d 569, 571 (Fla. 2d DCA 1993).
[2] "If the trial court finds that a motion to return property is facially sufficient, it may order the State to respond by citing applicable case law and attaching portions of the record to refute the defendant's contention that the property should be returned, after which the motion may be summarily denied. Durain[ v. State, 765 So.2d 880, 880-81 (Fla. 2d DCA 2000)]. In the alternative, the trial court may hold an evidentiary hearing." Bolden, 875 So.2d at 782.
[3] In Bolden, this court suggested the following guidelines for resolving issues concerning the return of a defendant's property:

At the evidentiary hearing, the trial court must first ascertain whether the property was confiscated by a law enforcement agency in connection with a criminal prosecution and whether the property is still in the agency's possession. Stone[ v. State, 630 So.2d 660, 661 (Fla. 2d DCA 1994)]. If the State can show that the property was entered into evidence or that the State intends to pursue forfeiture against the property, the defendant is not entitled to have the property returned. Id. at 661. Similarly, the defendant is not entitled to have the property returned if the State intends in good faith to bring another criminal prosecution at which the items would be admissible in evidence. Oleandi v. State, 731 So.2d 4, 6 (Fla. 4th DCA 1999); Kern v. State, 706 So.2d 1366, 1370 (Fla. 5th DCA 1998). However, if the State is "unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to [the defendant] or to such person(s) as he may designate." Stone, 630 So.2d at 661.
875 So.2d at 782-83 (second alteration in original) (footnote omitted).