997 So.2d 1184 (2008)
Marcus Anthony HOLMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-3147.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Marcus Anthony Holmes, in proper person.
Bill McCollum, Attorney General, and Juliet S. Fattel, Assistant Attorney General, for appellee.
Before SHEPHERD, SUAREZ, and SALTER, JJ.
PER CURIAM.
Marcus Anthony Holmes appeals a trial court order summarily denying his motion for the return of personal property allegedly in state custody. We affirm the denial without prejudice to Holmes to file a facially sufficient motion.
The trial court's reason for the denial of Holmes' motion was that the motion was "insufficient to support the relief prayed." In a letter addressed to the Clerk of the Circuit Court and an assistant public defender, Holmes asks the assistant public defender to file a motion for the return of personal property allegedly confiscated by police. Holmes then lists specific items of property that were seized from him that he claims did not establish "any merit as to the innocence or guilt of [his] case [sic]" or were not used as evidence against him during his trial. The letter, rather than a formal motion, was filed, treated as a motion by the trial court, and subsequently denied as insufficient.
We affirm the trial court's finding that the motion was facially insufficient because Holmes failed to allege specifically that the property was not the fruit of criminal activity or was not being held for some future evidentiary purpose. See Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004). If Holmes subsequently files a facially sufficient motion, the trial court may either hold an evidentiary hearing or summarily deny the motion. See id. at 782-83. If the court again summarily denies the motion, it must attach portions of the record that refute Holmes' contention that the property should be returned. See id. at 782; see also White v. State, 926 So.2d 473, 474 (Fla. 2d DCA 2006) ("[W]hen summarily denying a motion for return of property as untimely under [section 705.101(1) of the Florida Statutes], the court is obliged to attach portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence."); Gonzalez v. State, 786 So.2d 680, 681 (Fla. 3d DCA 2001); cf. Romero-Saavedra v. State, 735 So.2d 1290 (Fla. 3d DCA 1999) (finding untimely defendant's petition to return currency seized as evidence).
Accordingly, we affirm without prejudice for Holmes to file a facially sufficient motion.