VILLANTI, Judge.
 

 Marquise Hammond appeals the denial of his motion to return property filed pursuant to section 705.105(1), Florida Statutes (2005). We affirm because the motion appears to be untimely based on the contents of the motion as filed in the postcon-viction court. See
 
 Harkless v. State,
 
 975 So.2d 437, 440 & n. 3 (Fla. 2d DCA 2007).
 

 
 *253
 
 However, for the first time in this appeal, Hammond asserts that the transcript of his plea and sentencing hearing held on April 14, 2005, reflects that his counsel made a timely oral motion for the return of the property that was not used against him in this case. The prosecutor responded to this motion by asserting that the property was being held as evidence for possible future criminal prosecutions; however, it does not appear from our record that any such further prosecutions materialized. This sequence of events raises two questions: (1) whether a motion to return property must be in writing and (2) what effect, if any, the State’s response to a motion to return property asserting that the property may be evidence for a separate criminal prosecution that may be brought in the future has on the timing and timeliness of a subsequently filed motion to return that property. •
 

 Because Hammond did not argue below that he was entitled to the return of his property based on his counsel’s alleged oral motion, this basis for relief is not preserved for our review in this appeal.
 
 See, e.g., Tillman v. State,
 
 471 So.2d 32, 35 (Fla.1985) (holding that in order to preserve an issue for appellate review, the issue “must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved”);
 
 see also Conner v. State,
 
 987 So.2d 130, 132 (Fla. 2d DCA 2008);
 
 I.R.C. v. State,
 
 968 So.2d 583, 589 (Fla. 2d DCA 2007). However, because Hammond has raised at least a col-orable claim to the property in this appeal, we affirm without prejudice to him raising this issue in a facially sufficient motion to return property filed within sixty days from the issuance of the mandate in this appeal. Such a motion shall not be deemed successive.
 

 Affirmed.
 

 WHATLEY and LaROSE, JJ„ Concur.