LAGOA, Judge.
 

 Defendant, Leonel Bonilla, petitions this court for a writ of mandamus to compel the Miami-Dade Police Department (“MDPD”) to comply with the trial court’s
 
 *1059
 
 order granting Bonilla’s motion for return of property. For the following reasons, we grant the petition.
 

 On July 12, 2002, the trial court granted Defendant’s motion for return of property, and ordered the MDPD to “return all currency held in connection with Metro-Dade Police case number 512342-X.” Thereafter, on February 23, 2004, the trial court entered an order granting Defendant’s sister, Ms. Ortiz, full power and authority to act on Defendant’s behalf in receiving and cashing the currency held by the MDPD. The power of attorney, however, expired on December 11, 2004 without Ms. Ortiz exercising her authority to cash and receive Defendant’s property. Subsequently, Defendant wrote a letter to the MDPD requesting release of the funds to him at the correctional facility where he was housed. Specifically, Defendant requested the funds be placed in his inmate banking account located at the correctional facility, where he was housed.
 

 On September 10, 2007, Defendant, with the assistance of counsel, filed a motion for modification and motion for extraordinary remedy based upon a new court order. The motion for modification was granted on September 17, 2007. The MDPD, however, failed to return Defendant his property in compliance with the trial court’s previous orders. On February 20, 2008, Defendant filed with this Court a petition for Writ of Mandamus. Because the petition, however, was directed at the State of Florida, this Court on May 5, 2008, denied said petition without prejudice to seek relief against the MDPD and/or with the circuit court to enforce its orders.
 

 Thereafter, Defendant filed this petition for Writ of Mandamus against the MDPD. The MDP responded that it was not in possession of any currency seized and that the currency had in fact been seized by the City of North Miami Police Department.
 

 Following this response, this Court issued an order to show cause to the North Miami Police Department. Subsequently, the City of North Miami responded and advised this Court that “[t]he City of North Miami has contacted the Office of the Clerk for the Eleventh Judicial Circuit and learned that the money is still in the possession of the Clerk of Court under Case Number 00-28260B, although an order was entered allowing the State to substitute photographs for the money.”
 

 Because the record contains evidence in the form of a MDPD property receipt that the MDPD impounded currency from Defendant upon his arrest, it is ordered that those monies be returned to him. While the amount claimed by Defendant is unsubstantiated, the record evidence establishes that $575.00 was impounded from the Defendant upon his arrest. The property receipt from the MDPD reveals that three fifty-dollar bills, four twenty-dollar bills, nineteen ten-dollar bills, thirty five-dollar bills, and five one-dollar bills, totaling an amount of $575.00, were impounded from the Defendant on August 31, 2000. Because there is no evidence that the property is derived from the fruit of criminal activity, or is still being held as evidence, the property must be returned to Defendant immediately.
 
 See Almeda v. State,
 
 959 So.2d 806, 808 (Fla. 2d DCA 2007). Accordingly, we grant the writ and remand for proceedings consistent with this opinion.