# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**EDWIN MATOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3995

[June 17, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 02-015762 CF10A.

Julio E. Gil De Lamadrid, Bayamón, Puerto Rico, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

### ON AMENDED MOTION FOR REHEARING / EN BANC CERTIFICATION

STEVENSON, J.

Upon consideration of defendant's "Amended Motion for Rehearing or Rehearing En Banc," we grant rehearing, withdraw our previously issued opinion, and substitute the following in its place. Defendant's motion is denied to the extent it seeks rehearing en banc.

Defendant challenges the summary denial of his motion seeking return of his 2001 Pontiac Firebird. The car was taken into the State's custody after defendant crashed the vehicle in August of 2001, resulting in the death of two teenage girls and defendant's conviction for two counts of vehicular manslaughter. *See Matos v. State*, 899 So. 2d 403 (Fla. 4th DCA 2005). "When the defendant seeks the return of seized property as the true owner, the applicable procedure is similar to the procedure for the consideration of a motion for postconviction relief." *Bolden v. State*, 875 So. 2d 780, 782 (Fla. 2d DCA 2004). Here, the trial court relied upon the State's response, but none of the grounds or record attachments

conclusively refute the allegations of the motion and establish defendant is not entitled to relief. *Id.* (recognizing motion may be summarily denied where attached portions of record conclusively refute motion's allegations).

First, the response and accompanying attachments fail to establish defendant previously sought the return of his car on the grounds that he is the owner of the vehicle and it is no longer of evidentiary value to the State. The State's assertion that defendant is not entitled to the return of the car as it was an "instrumentality of the crimes" is also unavailing. While the car appears to fall within the definition of "contraband article," *see* § 932.701(2)(a)5., Fla. Stat. (2014),[1] there is nothing in the attached record suggesting the State has instituted forfeiture proceedings. *See* § 932.704(4), Fla. Stat. (2014) (stating "[t]he seizing agency shall promptly proceed against the contraband article by filing a complaint"). Finally, in the absence of pending postconviction proceedings that involve the car and its claimed evidentiary value, the defendant's past history of postconviction filings is insufficient to conclusively refute the allegations of defendant's motion and establish the State's continued need to retain the car some ten years after defendant's convictions were affirmed on appeal. *Compare Sutherland v. State*, 860 So. 2d 505 (Fla. 4th DCA 2003) (affirming denial of motion for return of property without prejudice to defendant's right to renew his motion if trial court denied a *pending* motion to vacate plea, which defendant had filed after his motion for return of property was denied), *with Harkless v. State*, 975 So. 2d 437 (Fla. 2d DCA 2007) (reversing trial court's ruling denying motion for return of property on the ground that the time within which defendant could seek postconviction relief had not yet expired).

Accordingly, the order summarily denying defendant's motion for return of property is reversed and the matter remanded for further proceedings. *See McKeever v. State*, 764 So. 2d 688 (Fla. 1st DCA 2000) (reversing an order of summary denial predicated upon State's assertion that property would be needed as evidence if convictions were ever overturned, where there was no pending direct appeal or collateral proceedings; remanding with directions that trial court hold evidentiary hearing to determine if State has a continued need to retain the property).

---

[1] A "contraband article" is defined to include "[a]ny personal property, including, but not limited to, any . . . vehicle of any kind . . . , which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony." § 932.701(2)(a)5. The relevant language has not been amended since defendant's August 2001 crimes.

2

*Reversed and Remanded.*

TAYLOR and CIKLIN, JJ., concur.

*     *     *