IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN O. RILEY,

      Appellant,

v.                                  Case No.  5D15-4037

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 3, 2017

Appeal from the Circuit Court
for Volusia County,
Randell H. Rowe, lll, Judge.

William Douglas Stanford, Jr., St.
Augustine, for Appellant.

Pamela Jo Bondi, Attorney
General, Tallahassee, and Lori N.
Hagan, Assistant Attorney
General, Daytona Beach, for
Appellee.

COHEN, C.J.

      Appellant John Riley appeals an order summarily denying his motion for return of personal property. Appellant sought the return of a vehicle and other personal property seized upon his arrest. We reverse.

      Motions for return of personal property are "governed by procedures similar to those used in postconviction proceedings." Shade v. State, 55 So. 3d 722, 723 (Fla. 5th

DCA 2011) (quoting Bolden v. State, 875 So. 2d 780, 783 (Fla. 2d DCA 2004)). A facially sufficient motion alleges that: (1) the movant owns the property; (2) the property is not the fruit of criminal activity; and (3) the State is not holding the property as evidence. Scott v. State, 922 So. 2d 1024, 1026 (Fla. 5th DCA 2006). It also specifically identifies the property. Id. Appellant's motion was facially sufficient in this case; thus, the trial court was required to hold an evidentiary hearing or attach records conclusively demonstrating that Appellant was entitled to no relief. Bolden, 875 So. 2d at 782–83.

The State disputes that Appellant owns the subject property, namely the vehicle listed in Appellant's motion. However, the records submitted by the State, and relied on by the trial court, do not conclusively demonstrate that Appellant has no ownership or possessory interest in the property. Therefore, the trial court erred in summarily denying the motion. On remand, the trial court must attach records conclusively refuting Appellant's claim to the property or hold an evidentiary hearing on the motion. "[I]f the State is 'unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to [Appellant] or to such person(s) as he may designate.'" Id. at 783 (quoting Stone v. State, 630 So. 2d 660, 661 (Fla. 2d DCA 1994)).

REVERSED AND REMANDED.

TORPY and LAMBERT, JJ., concur.

2