DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2840

[December 6, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562007CF001396A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

*ON APPELLEE'S MOTION FOR REHEARING*

GERBER, C.J.

We grant appellee's motion for rehearing, withdraw our opinion issued on August 30, 2017, and substitute the following opinion in its place.

The defendant appeals from the trial court's order denying his motion for return of property. The defendant argues the court erred in summarily denying his motion without an evidentiary hearing, because his motion was facially sufficient and his allegations were not refuted. We agree with the defendant's argument. We reverse for an evidentiary hearing.

### *Procedural History*

The defendant was convicted of burglary of a conveyance, first degree petit theft, criminal mischief over $200 but less than $1,000, driving while license suspended as a habitual offender, and possession of twenty grams or less of cannabis. The burglary, theft, and mischief charges arose from

the defendant breaking into a woman's car and stealing her purse out of the car. The defendant fled in a car which had been rented to the defendant's girlfriend, but which he did not have permission to drive. The defendant later abandoned the rental car. From the rental car, the police recovered the woman's cell phone, purse, and items from her purse. The habitual offender and cannabis charges arose from the defendant's driving away in the rental car, which contained marijuana. The defendant was not convicted of any crime related to using the rental car without permission.

After the defendant served his sentence, he filed a motion for return of property. In the motion, the defendant alleged the police seized his personal property during his arrest, the property was not needed as evidence because he had served his sentence, and the property was not the fruit of criminal activity. The defendant alleged his property as a Samsung cell phone, $15.00, four GPS systems, Cartier glasses, clothing, a red Cartier case, and "all other miscellaneous items not included in this motion."

The trial court issued an order seeking a response from the state and the police department which arrested the defendant. The police department responded. In the response, the police department argued the defendant's motion was legally insufficient:

> The defendant does not describe all of the property that he seeks the return of with specificity. He first references a Samsung cell phone, this is problematic given that the defendant was convicted of Burglary of a Conveyance and First Degree Petit Theft and a cell phone was listed as one of the stolen items in the State's Information. . . . Additionally, the defendant claims rights to fifteen dollars in United States Currency, four GPS systems, Cartier glasses and case, and clothing. The defendant was in a rented car that his own girlfriend stated was taken without her consent. He then tried to abandon the car by giving the keys to an independent witness who just happened to be putting gas in her own car at the gas station the Defendant pulled into in an effort to evade law enforcement. . . . Lastly, the defendant claims rights to "all other miscellaneous items not included in this motion." This is certainly legally insufficient as there is nothing specific about "miscellaneous" or addressing items not included in his motion and should be denied.

While, the defendant asserts that the property is not the fruit of criminal activity, his convictions for Burglary of a Conveyance and First Degree Petit Theft suggest otherwise.

The police department attached to its response its probable cause affidavit, inventory, incident report, and the state's information. The probable cause affidavit stated that the defendant stole the victim's purse, which contained her cellular phone. The inventory listed, among other items recovered from the vehicle which the defendant was driving, various GPS devices, a Samsung phone, and eyeglasses in a case.

However, the incident report alleged that the police recovered *two* cellular phones from the vehicle. According to the incident report, the police dialed a phone number on one of the phones, and the burglary victim's husband answered. The incident report further alleged that the victim's husband met with the police and identified that phone and the purse as belonging to the victim. According to the incident report, as the police transported the defendant to the jail, he asked the police to bring *his* phone with him. The incident report then stated: "[The defendant's] phone was one of the two phones recovered from the [vehicle] during the initial investigation." The incident report finally states that the police denied the defendant's request and instead stored his phone as evidence.

The trial court summarily denied, without an evidentiary hearing, the defendant's motion to return property.

This appeal followed. The defendant argues the court erred in summarily denying his motion without an evidentiary hearing, because his motion was facially sufficient and his allegations were not refuted.

In response, the state essentially raises three arguments: (1) the defendant's conclusory allegations asserting that the property is his personal property is insufficient to meet the defendant's burden, especially given that the property was seized from a vehicle which the defendant did not have permission to drive; (2) although the incident report conceded that one of the recovered phones belonged to the defendant, the incident report did not specify the facts upon which the police determined that the phone belonged to the defendant; and (3) although the state has not pursued forfeiture proceedings against the defendant's property, the state intends to pursue forfeiture proceedings to satisfy the defendant's unpaid costs and fees.

### *Our Review*

We are more persuaded by the defendant's argument. The procedure for a defendant to move for a return of property was described in *Bolden v. State*, 875 So. 2d 780 (Fla. 2d DCA 2004), an opinion which we have cited with approval. *Sanchez v. State*, 174 So. 3d 439, 442-43 (Fla. 4th DCA 2015). In *Bolden*, our sister court described the procedure as follows:

> When the defendant seeks the return of seized property as the true owner, the applicable procedure is similar to the procedure for the consideration of a motion for postconviction relief. First, the defendant must file a facially sufficient motion for the return of property. To be facially sufficient, the motion must allege that the property at issue was his personal property, was not the fruit of criminal activity, and was not being held as evidence. Implicit in this standard is the requirement that the defendant must specifically identify property at issue. *However, the defendant need not establish proof of ownership in order to allege a facially sufficient claim for the return of property.*

> If the trial court finds that a motion to return property is facially sufficient, it may order the State to respond by citing applicable case law and attaching portions of the record to refute the defendant's contention that the property should be returned, after which the motion may be summarily denied. In the alternative, the trial court may hold an evidentiary hearing. At the evidentiary hearing, the trial court must first ascertain whether the property was confiscated by a law enforcement agency in connection with a criminal prosecution and whether the property is still in the agency's possession. If the State can show that the property was entered into evidence or that the State intends to pursue forfeiture against the property, the defendant is not entitled to have the property returned. Similarly, the defendant is not entitled to have the property returned if the State intends in good faith to bring another criminal prosecution at which the items would be admissible in evidence. However, if the State is unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to [the defendant] or to such person(s) as he may designate.

*Id.* at 782-83 (emphasis added; footnotes, citations, and quotation marks omitted).

Here, the defendant's motion was facially sufficient, except for his non-specific claim as to "all other miscellaneous items not included in [his] motion." The defendant specifically identified the other property at issue and alleged the property was his personal property, not the fruit of criminal activity, and not being held as evidence because he had served his sentence.

The police department's response and attachments did not refute the defendant's allegations. The incident report stated that one phone belonged to the victim and the other phone belonged to the defendant. The police department's response and attachments do not allege that the defendant's phone, $15.00, four GPS systems, Cartier glasses and case, and clothing were fruit of criminal activity, still being held as evidence, the subject of forfeiture proceedings, evidence to be admitted in another criminal prosecution, or subject to a superior possessory interest in the property. *Bolden*, 875 So. 2d at 782.

Contrary to the state's response, it is not the defendant's burden at the pleading stage to establish the truth of the police's determination that the phone belonged to the defendant, or that the other specified items in fact belong to him. That opportunity is to be afforded to the defendant at the evidentiary hearing pursuant to *Bolden*. Similarly, if the state intends to pursue forfeiture against the property, that also is a subject to be raised at the evidentiary hearing pursuant to *Bolden*. If the defendant has any defenses to the state's intent to pursue forfeiture at this time, the defendant may raise such defenses at the evidentiary hearing.

### *Conclusion*

Based on the foregoing, we reverse the trial court's order summarily denying, without an evidentiary hearing, the defendant's motion for return of property, except for the defendant's non-specific claim as to "all other miscellaneous items not included in [his] motion." We remand for an evidentiary hearing pursuant to *Bolden*.

*Reversed and remanded for evidentiary hearing.*

LEVINE and CONNER, JJ., concur.

\* \* \*

5

*Not final until disposition of timely filed motion for rehearing.*