NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALVIN D. CLAYTON,                    )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D17-2671
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____ )

Opinion filed February 14, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Wayne M. Durden, Judge.

NORTHCUTT, Judge.

          Alvin Clayton appeals the circuit court's summary denial of his motion for

return of personal property.  We reverse because the records attached to the circuit

court's order do not conclusively refute the allegations made in Clayton's motion.

          In his motion for return of personal property, Clayton alleged that the Polk

County Sheriff's Office confiscated his property—$3500 in U.S. currency—which was

neither the fruit of criminal activity nor being held as evidence.  The circuit court denied

Clayton's motion, finding that the record refuted his claim that the currency was not the

fruit of criminal activity.  The circuit court attached two documents in support of its

findings: (1) a search warrant inventory form listing $3480 found in a desk at Clayton's

brother's residence[1]; and (2) the State's notice of discovery which generically disclosed "money" and "copy of money" among its potential trial exhibits.

When a defendant seeks the return of personal property, he must file a facially sufficient motion which alleges that the property at issue was the defendant's personal property, was not the fruit of criminal activity, and was not being held as evidence. See Bolden v. State, 875 So. 2d 780, 782 (Fla. 2d DCA 2004) (discussing the procedure for motions for return of personal property). If the trial court finds that the defendant's motion is facially sufficient, it may direct the State to respond by citing to applicable case law and attaching portions of the record which refute the defendant's allegations. Id. (citing Durain v. State, 765 So. 2d 880, 880-81 (Fla. 2d DCA 2000)). In the alternative, the trial court may summarily deny the motion—without ordering the State to respond—by attaching portions of the record that conclusively refute the claim. Almeda v. State, 959 So. 2d 806, 809 (Fla. 2d DCA 2007).[2]

In this case, the circuit court did not instruct the State to respond to Clayton's motion, and it did not conduct an evidentiary hearing; its denial rests solely on the two attached documents. While the record before us reflects that Clayton was a suspect in a drug-related shooting, there is no indication that the confiscated money

_____

[1]The search warrant application indicates that Clayton was a suspect in a drug-related homicide. The application alleged that Clayton's brother retrieved a spent shell casing from the scene.

[2]If the defendant's motion cannot be summarily denied, the trial court must hold an evidentiary hearing and make findings as to whether the property was confiscated by law enforcement, whether the property is still in law enforcement's possession, and whether the defendant is ultimately entitled to return of the property at issue. Bolden, 875 So. 2d at 782 (citing Stone v. State, 630 So. 2d 660, 660-61 (Fla. 2d DCA 1994)).

was connected to that shooting.  Likewise, Clayton's involvement with illicit drug sales does not prove that the confiscated money was the fruit of criminal activity.  Finally, the State's notice of discovery indicating potential trial exhibits does not establish that the money is being held as evidence.  Accordingly, we reverse the circuit court's order and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and MORRIS, JJ., Concur.