HAZOURI, J.
Milton Gonzalez (Gonzalez) appeals from his conviction and sentence of sexual battery on a person 12 years of age or older by multiple perpetrators. Gonzalez raises two points on appeal, both of which we find to be without merit. We affirm the conviction and sentence.
We do not find it necessary to detail all the events leading up to the day of the sexual battery nor do we find it necessary to detail all of the various acts perpetrated upon the female victim, B.C. The factual basis for the conviction is adequately addressed in the trial court’s order of December 17, 1998, which denied Gonzalez’s motion for judgment of acquittal and motion for a new trial:
Five minor league members of the New York Mets Baseball team were charged with Sexual Battery upon a Person over Twelve Years with Multiple Perpetrators. This was alleged to have taken place in the hotel where the players were housed for spring training and the girl was staying on a visit from her northern home. In this trial of three defendants, the defense was that the seventeen year old woman willing[ly] “took on the team” to spite a sixth player who miffed her after an admitted week of consensual sex.
[[Image here]]
The testimony of the girl in this trial certainly shows foolishness on her part. She had voluntary sex with one non-English speaking player a day after she met him, in the presence of his roommate (one of the defendants here), regularly for a period of one week. She voluntarily went up to the room where the charged events happened with one defendant (whose trial is yet to be) and let him undress her in front of another defendant. She said she didn’t mind this or his kissing her because he was “cute.”
[[Image here]]
A reading of the transcript shows that while she was uncertain as to when or to whom she said “no”, she denied positively that she consented to any of the sex performed upon her. She told the jury that she did not agree to any of the five having sex with her and that she did all that she could to demonstrate this to them and to resist.
[[Image here]]
Again, this was for the jury to evaluate. The clear statement of the girl, despite all this and other credibility questioning evidence, was that no consent was given or implied.
A motion for new trial is directed to the sound discretion of the trial court and its rulings will not be disturbed absent a clear showing of abuse. See Woods v. State, 738 So.2d 980, 989 (Fla.1999); State v. Strickland, 172 So.2d 260 (Fla. 2d DCA 1965).
The trial court did not abuse its discretion in denying the motion for new trial which alleged that the verdict finding Gonzales guilty was contrary to the manifest weight of the evidence.
For the above stated reasons, we affirm the conviction and sentence.
FARMER and KLEIN, JJ., concur.