IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SCOTTIE D. LOWE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NOS. 1D14-3399 & 1D14-3437

Opinion filed January 6, 2015.

An appeal from an order of the Circuit Court for Leon County.
James C. Hankinson, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In these consolidated postconviction appeals, Appellant seeks review of the trial court's orders denying his pro se rule 3.800(a) motion seeking additional jail credit in case numbers 2007-CF-4046 and 2013-CF-1708. Although the trial court properly treated the motion as having been filed under rule 3.801, we quash the

orders denying the motion because the trial court lacked jurisdiction to rule on the motion while the direct appeal of Appellant's judgment and sentence in these cases was pending in this court.  See Day v. State, 770 So. 2d 1262 (Fla. 1st DCA 2000) (affirming order dismissing rule 3.800(a) motion for lack of jurisdiction because, after the adoption of rule 3.800(b)(2), "a party may not file a rule 3.800(a) [motion] during the pendency of a direct appeal"); Burch v. State, 721 So. 2d 1198 (Fla. 1st DCA 1998) (quashing order denying postconviction motion that was entered while direct appeal was pending and explaining that "the trial court should have dismissed rather than denied [the] motion because a denial generally serves as a ruling on the merits precluding the refiling of a successive motion").  This disposition is without prejudice to Appellant seeking the additional jail credit in a rule 3.801 motion filed after the direct appeal is concluded or in a rule 3.800(b)(2) motion[1] filed before the initial brief in the direct appeal, case number 1D13-4567.

ORDERS QUASHED.

BENTON, WETHERELL, and SWANSON, JJ., CONCUR.

---

[1] We decline the State's invitation to construe the motion denied by the trial court as having been filed under rule 3.800(b)(2) because the trial court did not do so and, moreover, the notice and service requirements in that rule were not followed. See Fla. R. Crim. P. 3.800(b)(2) (requiring notice of the motion to be filed in the direct appeal) and (b)(2)(A) (requiring the motion to be served on all trial and appellate counsel of record).

2