IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GEORGE COUSNARD,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5331

_____/

Opinion filed April 12, 2016.

An appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, and Donna A. Gerace, Assistant Attorney General, for Appellee.

PER CURIAM.

      We affirm Appellant's revocation of probation and sentence based on his new

law violation, possession of marijuana. But based on the state's proper concession

of error in response to our <u>Harrison</u> order,[1] we reverse the trial court's denial of Appellant's motion to correct sentencing error filed during the pendency of this appeal under Florida Rule of Criminal Procedure 3.800(b)(2).[2]

In Appellant's Rule 3.800(b)(2) motion, he asserted he was entitled to nine (9) additional days' jail credit. Based on our review of the record, it appears the trial court awarded Appellant at least three (3) extra days credit for time served in jail between his arrest on May 28, 2014, for his new law violation, and his violation of probation hearing on October 21, 2014 (exclusive of the days he was out on bond). However, it appears this award of jail credit did not include all twelve (12) days' credit awarded Appellant on November 4, 2013, when he was originally placed on probation. <u>See</u> <u>Gammon v. State</u>, 738 So. 2d 980, 981 (Fla. 1st DCA 1999); <u>Young v. State</u>, 840 So. 2d 468, 468 (Fla. 2d DCA 2003). Therefore, we reverse the denial of Appellant's Rule 3.800(b)(2) motion, and remand to the trial court to recalculate Appellant's credit for time served and resentence him as appropriate.

AFFIRMED in part; REVERSED in part and REMANDED with directions.

WETHERELL, ROWE, and OSTERHAUS, JJ., CONCUR.

---

[1] <u>Harrison v. State</u>, 146 So. 3d 76 (Fla. 1st DCA 2014) (establishing a procedure pursuant to which the state is given an opportunity to respond to preserved sentencing error claims raised in an <u>Anders</u> brief).

[2] Because the trial court never ruled on Appellant's motion to correct sentencing error, it was deemed denied. <u>See</u> Fla. R. Crim. P. 3.800(b)(2)(B).