IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TERRANCE TYRONE MASON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3485

_____/

Opinion filed July 11, 2017.

An appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

Andy Thomas, Public Defender, Joel Arnold, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Thomas H. Duffy and Daniel R. Krumbholz,
Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Terrance Tyrone Mason, challenges the trial court's denial of his

Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error,

wherein he sought credit for time served. For the reasons that follow, we reverse and remand.

The trial court denied Appellant's motion upon concluding that claims regarding jail credit must be raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.801, and even if they could be raised in a rule 3.800(b)(2) motion, they were insufficiently pled. The State properly concedes that the trial court erred by denying Appellant's motion on the ground that claims regarding credit for time served must be raised in a rule 3.801 motion and cannot be raised in a rule 3.800(b)(2) motion. See In re Amendments to Fla. R. of Crim. P., 204 So. 3d 944, 944-45 (Fla. 2016) (explaining that the 2016 amendments to rules 3.800 and 3.801 "make clear that jail credit matters can be litigated in either a motion filed under rule 3.800(b) while a defendant's direct appeal is pending, or in a motion filed under rule 3.801 after a defendant's sentence has become final"); see also Cousnard v. State, 188 So. 3d 936, 936 (Fla. 1st DCA 2016) (reversing the trial court's denial of a rule 3.800(b)(2) motion to correct sentencing error that sought an additional award of jail credit); Lowe v. State, 152 So. 3d 1279, 1280 (Fla. 1st DCA 2015) (quashing the trial court's orders on the appellant's rule 3.800(a) motion seeking additional jail credit, which it had treated as a rule 3.801 motion, without prejudice to the appellant filing a rule 3.800(b)(2) motion or a rule 3.801 motion after the direct appeal concluded). Additionally, the trial court erroneously concluded that Appellant's

2

claims were insufficiently pled given that he identified the alleged errors with specificity and set forth the amounts of credit he claims he is entitled to receive. <u>See</u> Fla. R. Crim. P. 3.800(b) ("The motion must identify the error with specificity and provide a proposed correction."). Therefore, we reverse and remand for further proceedings.

REVERSED and REMANDED.

LEWIS, ROBERTS, and BILBREY, JJ., CONCUR.